ADMINISTRATOR OF BENJAMIN WHITNEY *v.* THE TOWN OF CLARENDON.

In an action of trespass on the case a prior recovery by the plaintiff for the same cause of action may be given in evidence by the defendant, under the general issue.

A recovery in an action of trespass on the case, brought by the father to recover damages sustained by himself in consequence of personal injuries to

Adm'r of Whitney *v.* Clarendon.

. his son, will be a bar to a second action by the father to recover for damages sustained in consequence of the same injury, notwithstanding the recovery in the first action was limited to damages which accrued prior to the commencement of that suit, and the second action is brought expressly to recover for loss of service and other damages sustained subsequent to that time.

TRESPASS ON THE CASE, brought to recover for loss of service, &c., sustained by Benjamin Whitney, subsequent to the twenty eighth day of February, 1840, in consequence of personal injuries occasioned to his minor son by the breaking down of a bridge, which it was the duty of the defendants to keep in repair. Plea, the general issue, and trial by jury,—WILLIAMS, Ch. J., presiding.

On trial the liability of the defendants to support the bridge in question, the fact that it was out of repair, and the injury to the son of the plaintiff's intestate, occasioned thereby, were conceded. The plaintiff then showed the damages sustained by his intestate, in consequence of the injury to his son, subsequent to the twenty eighth day of February, 1840. The defendants gave in evidence the record of a judgment formerly recovered by Benjamin Whitney against them, for similar damages, sustained by him prior to the twenty eighth day of February, 1840, occasioned by the same injury to his son. The defendants thereupon requested the court to instruct the jury, that the judgment so formerly recovered was a bar to this action. But the court charged the jury, that, under the pleadings, the former recovery was no bar to this action. Verdict for plaintiff. Exceptions by defendants.

*S. H. Hodges* and *E. F. Hodges* for defendants.

1. It is insisted on the part of the defendants, that the damages claimed in this action might have been recovered in the previous suit, and that they are therefore merged in the judgment rendered therein. It has become a familiar matter to allow for future losses in trespass, and also in actions on the case, as for slander and seduction. *Dennison* v. *Hyde*, 6 Conn. 508. *Ingram* v. *Lawson*, 9 C. & P. 326. *Stiles* v. *Tilford*, 10 Wend. 339. *Hewitt* v. *Price*, 21 Wend. 79. The same rule has been expressly applied to the present class of actions. *Hodsoll* v. *Stallebrasse*, 9 C. & P. 63; 11 A. & E. 301. *Gurter* v. *Astor et al.*, 4 J. B. Moore 12. *Rapson* v.

*Cubit,* 1 C. & M. 64. *Hunt* v. *Lowring,* Hob. 284. *Sims* v. *Gregory,* All. 22, 23, cited in 2 Saund. 171 *b* (n.) In the cases which are adduced to the contrary, (such as *Hambleton* v. *Veere,* 2 Saund. 169, and the cases cited in the note to that case,) the plaintiff counted not only on future damages arising from the same tort, but on future distinct torts, which might never be committed, and which, if committed, would sustain new and separate actions, even when the former were pending.

2. There can be but one recovery between the same parties for the same tort; successive actions cannot be maintained for new damages arising out of it. This principle (well expressed in 1 Swifts' Dig. 753) is too thoroughly established to be disputed, or to require the citation of authorities. A recovery in trover will even bar a subsequent action for goods, not embraced in the first action, but converted at the same time. *Farrington* v. *Payne,* 15 Johns. 432. *Bates* v. *Quattleborn,* 2 Nott & McCord, cited in 1 Com. Dig. 234. This is said to have been adjudged also in this State. So of damages accruing to the plaintiff in another character than that under which he sustained the first suit. *Bigelow* v. *Huntley,* 8 Vt. 151, 155. That the damages, which arise after a judgment in trespass, cannot be recovered in a new action, was expressly determined in *Fitter* v. *Beal,* 1 Mod. 542, 1 Salk. 11. The reason is just as strong for considering a judgment in case conclusive. *Hunt* v. *Lowring,* cited in 2 Bac. Ab. (Bouvier's Ed.) Damages, H. *Sutton* v. *Clarke,* 6 Taunt. 29. *Gillon* v. *Boddington,* 1 C. & P. 541. *Heard* v. *Prop. of Mid. Canal,* 5 Met. 81.

*Foot & Everts·* and *Thrall & Pond* for plaintiff.

1. The former recovery was not for the same cause of action, for which this suit is brought. The same proof will not support both actions. *Kitchen et al.* v. *Campbell,* 3 Wils. 304. *Gates* v. *Goreham,* 5 Vt. 317. 3 Vt. 394. 2 Wend. 360. 6 Cow. 228.

2. The plaintiff could not have recovered damages in the first suit, which were not incurred prior to the commencement of that suit. *Hambleton* v. *Veere,* 2 Saund. 170. *Malachy* v. *Soper,* cited in 39 E. C. L. 94. *Baker* v. *Bache,* 2 Ld. Raym. 1382. *Ward* v. *Rich,* 1 Ventr. 103. *Brasfield* v. *Lee,* 1 Ld. Raym. 329. 1 Ld. Raym. 348. 12 Mod. 131. *Hanburge* v. *Ireland,* Cro. Jac.

618. *Horn* v. *Chandler,* 1 Mod. 271.  *Harbin* v. *Green,* Moore 887.  Hob. 189.  2 Salk. 663.

3.  The action, in this case, is brought for the consequential injury, resulting from the neglect of the defendant, and not for the defendant's illegal act, or neglect.  B. N. P. 78.  2 Selw. N. P. 293.  1 Chit..Pl. 47.  Reeves' Dom. Rel. 291.  3 Ch. Blackstone 118.  *Irwin* v. *Dearman,* 11 East 23.  5 Cow. 100, 106.  *Roberts* v. *Read,* 16 East 216.  2 Wend. 369.  6 Cow. 228.  3 Vt. 391. The remedy for special damage is given by statute.  Rev. St. 139, § 26.

4.  But if the former judgment was a bar to a subsequent suit, if rightly pleaded, it should have been specially pleaded, and was wholly inadmissible in evidence under the general issue.

The opinion of the court was delivered by

Bennett, J.  We think that there was no objection to the defendant's availing themselves, under the general issue, of the matter offered in defence.  In an action on the case any thing may be given in evidence under the general issue, which destroys the right of action.  If damages are sought to be recovered for beating the plaintiff's horse, by means of which he lost his service, the defendant may well show, under the general issue, that the beating was lawful.  Str. 872.  Bul. N. P. 78.

The question then arises, does the former recovery destroy the plaintiff's right of action in this case ?  Or in other words, can there be a succession of actions to recover damages resulting from one and the same injury ?  The injury inflicted upon the person of the son of the plaintiff by the fall of the bridge, by reason of its insufficiency, is one and entire, though there may be a continuation of the damages resulting from that injury.  It is contended on the part of the plaintiff, that in the action by the parent, for the loss of service, the *gist* of the action is the loss of service, and that the parent may have successive actions from time to time, to recover the resulting damages, as it shall suit his pleasure.  There should be an end of litigation ; and I should regret it, if the law was so settled, that every *fresh damage* would give a *new cause* of action.

In *Hodsoll* v. *Stallebrasse,* 39 E. C. L. 94, it was held, that both the *injury* and *damage* must *concur,* to give a right of action, and

that the damages were not the sole cause of action. That was an action by the master for the loss of the service of his apprentice, occasioned by the bite of a dog; and it was contended, that the action was not grounded upon the injury, but upon the resulting damage. But the court directed *prospective* damages to be assessed by the jury, on the ground, that a second action could not be brought to recover damages resulting from the same injury. That case was fully considered and is decisive of the one at bar. Upon the authority of that case the plaintiff in this action might have recovered *prospective* damages in his first action, and should not have been confined to such damages, as had in fact accrued at the time, when the suit was brought. If the plaintiff, by his own declaration, confined himself to such damages as had resulted from the injury within a given time after it happened, it was the pleader's own fault; but, as the time is only limited under a *vide licit*, it may be questionable, whether such would have been its effect. Sergeant Williams, in his note to the case of *Hambleton* v. *Veere*, 2 Saund. 171, lays down the proposition, that in trespass, and in tort, new actions may be brought as often as new injuries and wrongs are repeated, and consequently *prospective* damages should not be given in a case, in which there is a *continuation* of the injury. There is no intimation, that every *fresh* damage gives a *new* action. Though it should be admitted, that, in an action by the master, the loss of service is the gist of the action, yet it is a *non sequitur*, that damage *alone* can give the action. In trover the *conversion* is the *gist* of the action; yet there is no right of action, unless the conversion involves an injury to the plaintiff's right of property. ·

The case of *Hambleton* v. *Veere*, 2 Saund. 169, is relied upon to sustain the decision of the county court. We think that case is distinguishable from the one now before us. That was an action for enticing the plaintiff's servant to depart from his service; and the plaintiff claimed damages for the loss of service for the whole of the residue of the term of the apprenticeship. The term had not expired, and, upon a motion in arrest, it was held to be error, upon that declaration, to assess damages beyond the time of the exhibition of the bill. It is to be remarked, that it was alleged in the declaration, that the person enticed away had been retained in the service of the plaintiff, as his apprentice, for the term of *nine* years,

and that having served the plaintiff *five* years, he was then enticed away by the defendant, he (the defendant) *well knowing the premises* ; whereby the plaintiff lost the service of his apprentice *for all the residue of the said term* to come. It appears from the declaration, that the injury was not complete when the action was brought. The defendant enticed the servant away, *knowing* he was the apprentice of the plaintiff for the term of *nine* years, and consequently every detention of the servant, with such knowledge, was a *fresh injury*; and when *new damage* had accrued, a second action might well be sustained, as in the case of a continuation of a *nuisance*, or of *false imprisonment*. The case of *Ward* v. *Rich*, 1 Ventr. 103, rests upon the same principle. That was an action for enticing away the plaintiff's wife and keeping her from the plaintiff, until, as was alleged, a certain day, which was some time after the suit was commenced. After verdict for the plaintiff judgment was arrested, upon the ground, that it must be intended, that the jury gave damages for the *entire term* specified in the declaration. In this case the subsequent detention of the wife, after action brought, was a *new* injury. In *Brasfield* v. *Lee*, 1 Ld. Raym. 329, the continuation of the *false imprisonment*, after action brought, was a fresh injury. The overflowing of the plaintiff's lands is a *continuation* of the injury, and upon sound principles there may be, in such cases, successive actions.

It was admitted by the counsel, in *Hodsoll* v. *Stallebrasse*, 39 E. C. L. 94, that, if the action had been brought by the master for an injury to his person, the court might have given *prospective* damages, but they urged, that, when the action was case for *loss of service*, a different rule should obtain. The court, however, repudiate any distinction in the two cases. It is true, that, in the argument of that case, a case under the name of *Malachy* v. *Soper* is referred to by counsel, which would seem to sustain the decision below. That, it was said, was an action for slandering certain mining shares; and the damages were confined by LITTLEDALE, J., before whom the cause was tried, to such as had accrued when the action was commenced. It may be said of this case, that it purports to be but an unreported *nisi prius* case; and it was not permitted, by LITTLEDALE himself, to furnish a rule, to govern the case then before the court. The case of *Roberts* v. *Read et al.*, 16 East 215, which seems to be much

33

relied upon by the plaintiff, has very little analogy to the one now before us. The highway act of 13 George III directed, that actions against any persons, for any thing *done or acted* in pursuance of that act, should be commenced *within* three calendar months after the act was committed. That case simply decides, that, when the highway surveyors had undermined a wall adjoining the highway, which did not fall until more than three months afterwards, the action was not barred. The falling of the wall, the action being case, was considered the *gravamen* of the action,—the consequential damage the *cause* of action.

Though it may be said, that the loss of service is the foundation of this action, yet we think that a second action cannot be sustained by the parent for damages resulting to him from the personal injury to the son, by reason of the fall of the bridge. To maintain a second action for a *fresh damage*, in a case in which there was no *new injury*, would be novel in principle, and not warranted by authority. Though it may be impracticable to estimate *prospective* damages, in a case like the present, with mathematical certainty, yet the difficulty is no greater, than in an action for an assault and battery upon the plaintiff, by means of which he has been disabled from pursuing his business. It has been the usual practice, to give *prospective* damages against towns, for injuries resulting from insufficiency of highways, in cases which called for them.

The result is, the judgment of the county court is reversed, and the cause must be remanded to the county court for farther trial, unless the plaintiff shall elect to become nonsuit.

During the term the plaintiff became nonsuited.

WILLIAMS, Ch. J., dissenting. In this case I see no good reason for reversing the decision of the county court ; nor do I feel the weight of any authority, which requires me to do so palpable an injustice, as to deprive the plaintiff of the amount he has recovered of the defendants in this action. The intestate had a just claim on the defendants, for which he has not, and cannot, under the decision now made, receive any remuneration ; and, in the views which I entertain, however erroneous they may be, he could recover a recompense in no other way.

The minor son of the intestate had his leg broken, through the insufficiency of a bridge, which the defendants were bound to keep in repair ; whereby the intestate not only lost the services of his son, but was put to great expense for his board, nursing, medical attendance, &c. The defendants are made liable for all such damages by statute. The intestate had heretofore, in his lifetime, instituted an action to recover for those damages, which he had sustained, and, at the trial, was limited in his right of recovery to the services lost and expenses incurred to the time of bringing that action, and recovered a sum less than three hundred dollars. As the minor son continued to be lame and in need of medical attendance after the commencement of the first suit, the present action was instituted, and a verdict was found for a farther sum of about one hundred dollars. The first recovery was in evidence and claimed by the defendant to be a bar to this suit ; and my brethren consider it a bar. I propose to consider, whether the ruling in the suit first brought was not correct, and the true rule of damages then laid down, and whether the present action should not be sustained for the farther and additional damages.

In this action the damage is the gravamen, or foundation, of the right of recovery. It was said by Lord Holt, in *Fitter* v. *Beal*, 1 Ld. Raym. 692, " In some cases the damage is the foundation of the action,—as in the action by the master for the battery of the servant, *per quod servitium amisit*. And in *Hall* v. *Hollander*, 4 B. & C. 660, [10 E. C. L. 436,] it was held, that the loss of service was the *gist* of the action. The damage sustained in this and similar cases is a subject, not of conjecture, but capable of estimation with accuracy.

In the first place, it is unquestionable, that in all personal actions, except perhaps the action of account, the plaintiff is entitled to recover damages only for the wrong done before the writ was brought, *and shall recover no damages for any done pending the writ.* This was ruled in *Robert Pitfold's Case*, 10 Co. 113, and has never been controverted since ; and so rigidly has this rule been adhered to, that, until the case of *Robinson* v. *Poland*, 2 Burr. 1077, interest was not carried down on a contract beyond the commencement of the action, and the court then took time to consider, before they adjudged that interest should be computed to the time of tak-

ing the verdict. When it appeared, after a verdict, that the declaration counted on damages beyond the date of the writ, and that the jury might have found damages as laid in the declaration, judgment was invariably arrested. The cases to this effect are numerous, but only two will be mentioned, as peculiarly adapted to the case under consideration.

In *Ward* v. *Rich,* Ventr. 103, [7 Vin. 298, pl. 25,] Ward brought an action *de uxore abducta* and keeping her from him until such a day, which was some time after the exhibiting the bill. After verdict for the plaintiff judgment was arrested, because the jury may have given damages for the whole time laid in the declaration. In *Hambleton* v. *Veere,* 2 Saund. 169, in an action for procuring an apprentice to depart from the service of the plaintiff, and to recover for the loss of his service for the whole of the residue of his apprenticeship, judgment was arrested, because the jury assessed damages according to the declaration ; and the court say expressly, " he ought to have recovered damages for the loss of service *until the exhibiting the bill only, and no more.*" In *Waller* v. *Ward,* 10 Mod. 273, an action was brought by the husband for taking his wife away and ravishing her, *per quod consortium* &c. for one year ; and after a verdict, and general damages, inasmuch as the year had not expired at the time of the verdict, and as the jury might have given damages to the time of the verdict, the court would not render judgment for the plaintiff. There are numerous other cases to the same effect.

The conclusion, which I draw from these cases, and which appears to me to be irresistible, is, that in these cases the jury are not to take into consideration prospective damages. For if a judgment is to be arrested, because the jury have, upon evidence before them, assessed actual damages after the commencement of the suit, and to the time of the verdict, how can it be said, or pretended, that they may, by estimation, give damages for all future loss of services, and medicines and medical attendance. As prospective damages cannot in my opinion, be given in such an action as this, the same not being a subject of computation for a time future, and such damages being capable of estimation for a time past, I think the plaintiff was rightly restricted, in the first action, to the damages sustained at the commencement of the suit ;—for the same reason that LITTLEDALE, J., in the case of *Malachy* v. *Soper,* mentioned by him in *Hodsoll*

*v. Stallebrasse*, 39 E. C. L. 94, restricted the plaintiff to the damages sustained at the commencement of the action, because the jury could not say prospectively, what damages would arise thereafter.

The court at the last term, not being satisfied on this point, and being sensible, that, if the jury could not take into consideration future damages, either a plaintiff, who might be poorly able to bear the expense of a continued and protracted sickness of his son, or servant, would have to wait, until the sickness terminated by death, or in a complete recovery, before he could resort to the tribunals of justice to compel the defendant to pay his damages, or else, that an action might be sustained for damages from time to time, as special damages accrued, directed the cause to be continued, and were then disposed to sustain the action, if prospective damages could not have been recovered in the first action. I have already observed, that I think they could not have been so recovered and should be recovered in this action.

On a farther examination of the subject, I have come to the conclusion, that this action may be maintained, and that the recovery in the first action is no bar in any case, and that it was so considered in England, until the case of *Hodsoll* v. *Stallebrasse*, 9 C. & P. 63, [38 E. C. L. 35,] and 11 Ad. & El. 301, [39 E. C. L. 94,] which I shall have occasion to examine. Mr. Hammond, in his treatise on the law of *Nisi Prius*, when speaking of actions where special damages have arisen from the tortious act of another, says, " It would seem, that, if the plaintiff, after recovering damages for such injurious consequences, as have already resulted, sustains a farther detriment, he may demand a compensation for this, provided it could not be foreseen at the time the jury pronounced their verdict in the first action." Ham. N. P. 40. He lays down the same proposition in his edition of Comyn. 1 Com. 236. This rule seems to be founded in reason, and to commend itself to the good sense of every one, and is undoubtedly a sound legal rule. An adherance to it will reconcile all the cases on this subject, even the one lately decided of *Hodsoll* v. *Stallebrasse*, before mentioned, and will, in my opinion, entitle the plaintiff to retain this verdict. The jury, on the first trial, could not foresee the length of time the son would remain an invalid, incapable of performing any services for the father, what amount of care and attendance would be required, how much would

have to be expended for medicines, medical attendance, &c., and no one could enlighten them on this subject, no one could give any well founded opinion on the subject; they could only hazard a *guess.* If, upon evidence of what was past between the time of rendering the verdict and the commencement of the action, and which could be made certain, the jury had assessed damages to the time of the verdict, we have already seen that judgment must have been arrested.

It is said, however, that this action is novel, and that in some actions the jury have to take into consideration probable consequences,—as in assault and battery, slander, &c. In an action for assault and battery the recovery is had for the assault, and the consequences, which may flow from it, become a proper subject of inquiry only to ascertain the aggravated nature of the assault. Thus in *Fitter* v. *Beale,* 1 Ld. Raym. 692, 12 Mod. 542, the court refused to sustain a second action for the injurious consequences of a wound on the head of the plaintiff by the exfoliation of his scull, when the jury had, at the first trial, given insufficient damages, as the plaintiff and defendant both appeared to be drunk. The court remark, that, if the plaintiff's surgeon had been called at the first trial and given his opinion as to the result, the jury would have taken it into consideration; and this expression necessarily implies, that the surgeon would have given such an opinion. Lord Holt remarks, that in that case the battery was the injury and the *gist* of the action, and the consequences but an aggravation of the injury; but that in other cases, " as when a master brings an action for beating his servant, *damage* is the ground of the action,"—recognizing the very distinction, which I have endeavored to establish. In slander the injury is the speaking the words; of course one recovery is all that can be had; and after a verdict for the plaintiff, establishing the falsity of the slander, no farther damages are to be expected. In seduction the loss of service is only necessary to enable the father to maintain the action, but is scarcely an ingredient in estimating the amount of damages; of course one recovery includes the whole injury sustained by the plaintiff.

In this action, for loss of service, I understand the remarks of Lord Holt, before referred to, clearly to intimate, that a second suit may be brought; and he distinguishes it from the case then before

him, where the recovery had been had for assault and battery. I understand, also, the remarks of the learned commentator in Saunder's reports, in *Hambleton* v. V*eere*, before mentioned, clearly to intimate, that a second action may be maintained in such a case. In discussing the question, when a new action may be brought for any duty, or demand, which has arisen since the commencement of the action, and which for that reason shall not be included in the first judgment, he mentions trespasses and torts, when new injuries and wrongs are repeated. If we are to understand him only as saying, that for a new trespass, or tort, a new action may be maintained, it is laying down a self evident proposition, which he would hardly have been at the pains to do; but if we consider his remarks as applicable to the principal case, where but one act had been committed, and was neither repeated nor continued by the defendant, his remarks are intelligible, that the damages could not be recovered, in that action, subsequent to the commencement of the action, because, if new damage, or injury, should accrue, a new action might be brought. There are other cases, where a new action is permitted. A recovery in trespass is no bar to an action of detinue, unless damages were given for the property. A recovery in trespass for taking sheep, where damages were given only for the taking, is no bar to an action of trover for the value. These principles were established in *Lacon* v. *Barnard*, Cro. Car. 35, *Putt* v. *Rawstern*, 3 Mod. 1, and in the case of *Gates* v. *Gorcham*, 5 Vt. 317, and *Stewart* v. *Martin*, 16 Vt. 397.

Much reliance has been placed on the case of *Hodsoll* v. *Stallebrasse*, 39 E. C. L. 94, before mentioned, and it is urged with great vehemence, that no person ever thought that prospective damages could not be given, or that a second action might be brought, until the counsel for the defendant urged it in that case. It may be necessary to make some examination of the case; and to my mind it appears, that, until that action, it never was doubted, that, in an action like the present, damages could not be recovered for any thing after the commencement of the suit, and that a new action might be brought for damages, if any accrued which the jury could not foresee. The case itself is only an authority for the same position, before mentioned, laid down by Mr. Hammond, that, when the injury is *permanent*, and is *specially stated in the declaration*, and can

*be estimated by the jury,* a recovery may be had for the whole extent of the injury, though it may embrace a future period, but does not establish the position, that, when the injury is not permanent, and the consequences cannot be foreseen, such damages may be awarded. Nor does it decide, that, if the damages were not specially assigned, a recovery could be had therefor in the first action, or that a second action would not lie for such subsequent damages.

It is to be observed, that the pleader thought it necessary, in that case, to assign the damages specially, as from a *permanent* injury, that the apprentice was enfeebled, and hurt, and would *never* again be capable of working at his trade, and that he *was obliged* to support him during the *remainder* of his apprenticeship. This shows, that the pleader thought it not a matter of course for the jury to look into future consequences, unless particularly assigned. Lord Denman thought, that, under *that declaration,* the plaintiff might recover for the damages he sustained by reason of the *permanent* injury. The jury assessed the damages as for a *permanent* injury ; but the case was reserved.

Mr. Erle, who appeared for the defendant in that case, was one of the ablest of the members of the bar, and distinguished for his coolness, his legal research and great ability and intimate acquaintance with the common law. It was said of him, that " nothing disconcerts him ; an interruption from the bench, or the opposite counsel, never takes him by surprise ; " and he is particularly happy in confining the attention of the bench to the proper topics. He has lately been promoted to the bench. The opinion of such a man is of some weight, though given as counsel, when we reflect, that eminent counsel there contend for principles, and not for victory, and never lead a man through a hazardous lawsuit, when it is merely for experiment. When the cause came before the King's Bench, he maintained and insisted, that the ground of the plaintiff's complaint was the *resulting* damages, and that he could *only* bring his action from time to time, when special damages accrued ; and he pressed LITTLEDALE, J., with the decision which he had then recently made in *Malachy* v. *Soper ;*—and in my view Littledale did not very clearly point out the distinction. The court sustained the verdict, on the ground that the injury was *permanent,* and the jury *had the means of estimating the prospective damages,* which they had not in

*Malachy* v. *Soper.*   Any other *dicta*, which may have fallen from
the judges, is of no more weight, as authority, than the opinion of
Mr. Erle.   It is to be observed, that none of them say, that, if the
injury had not been *permanent,* so that the damages could be ascer-
tained in that suit, another action could not be brought, or that, if
they had not been specially alleged in the declaration, they could
have been recovered in that suit.   Nor is it decided, that, when
prospective damages are not assessed in the first action, a subsequent
action cannot be maintained.

The inference which I draw from this case is, that, when the dam-
ages can be alleged and computed in one action, a recovery *may* be
had therefor; but when they are uncertain, depending on future con-
tingencies, and cannot be thus computed, they cannot be recovered
in an action, except to the time of its commencement, but may be
the subject of a farther action, when they do accrue ; and the inquiry
put by BAYLEY, J., in *Roberts* v. *Read,* 16 East 217, is not very
easily answered,—" How was the damage to be estimated, before it
actually happened ? "

I am aware it has been urged, that, if this verdict is sustained,
actions may be multiplied ; and in *Hodsoll* v. *Stallebrasse* the coun-
sel for the plaintiff thought it was a mercy to the defendant, that all
the damages should be recovered in one action.   To this argument
*ab inconvenienti* it may be answered, that the defendants, by per-
forming their duty in the first place by making a sufficient bridge,
or, after the injury, by paying the intestate for the services of his
son and the expenses of his medicines and nurses and physicians,
or by tendering to him from time to time a sum for those services,
would not be subject to those inconveniences.   The permitting a
jury to wander into uncertainties as to future contingencies, might
not be a mercy, either to the plaintiff, or defendant, but rather a
grievous judgment.

I am not aware, that the practice in this State has been such,
as to warrant a recovery in similar actions for future damages and
losses of service ; nor do I think any such practice justifiable on any
principle of law.   The plaintiff, in my opinion, is entitled to retain
his judgment, rendered by the county court, and it should be af-
firmed.