### CHILD *v.* BOSTON & FAIRHAVEN IRON WORKS.

*(Circuit Court, D. Massachusetts. January 25, 1884.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—SECOND ACTION FOR DAMAGES FOR SAME ACT.
   A party who has elected to take judgment for his profits, which judgment has not been reversed, cannot prosecute a second action for other damages arising out of the same acts of infringement.

2. SAME—DAMAGES FOR A SINGLE WRONG.
   For a single wrong, the damages for which are capable of ascertainment, and which is not in the nature of a continuing nuisance or trespass, only one action will lie, and the damages must be assessed once for all

At Law.

*E. P. Brown* and *C. E. Washburn,* for plaintiff.

*Causten Browne,* for defendant.

LOWELL, J. The parties have agreed that if, upon the facts submitted, the action can be further maintained, it shall stand for trial;

if not, a verdict shall be entered for the defendant.    It is an action at law for infringement of two claims of a patent owned by the plaintiff, After it was begun the plaintiff filed his bill on the equity side of the court for precisely the same infringement, which consisted of making and selling certain printing presses, and Judge SHEPLEY, after a full hearing, entered an interlocutory decree for an injunction, and an account of the profits and damages.    *Child* v. *Boston & Fairhaven Iron Works*, 1 Holmes, 303.    The master reported that the plaintiff had not claimed damages as such, and that he was entitled to recover $5,640.26, as profits.    No claim was made before the court or the master under the second claim of the patent, and it was not passed upon, though the bill was broad enough to include it.    A final decree was entered for the sum found by the master, but it has not been satisfied.    The suit in equity was begun after the statute of 1870 had given the owners of a patent the right to recover damages as well as profits, in equity; and, under the prayer for general relief, the plaintiff might have had his damages assessed, as the interlocutory decree itself provides.    Both suits, therefore, were for precisely the same cause of action; and though the remedy in equity was more complete, it was a concurrent remedy with this action, and has now passed into judgment.    If the plaintiff had found that his damages exceeded the defendant's profits, he might have had the larger sum assessed.    *Birdsall* v. *Coolidge*, 93 U. S. 64.

The principle of law relied on by the defendant, applies to the damages for the second claim, as well as damages generally.    It is that the same defendant shall not be twice vexed by the same plaintiff for a single wrong, any more than for a single contract.    "Suppose," said the court, in *Farrington* v. *Payne*, 15 Johns. 432, 433, "a trespass, or a conversion of a thousand barrels of flour, would it not be outrageous to allow a separate action for each barrel?"    So far as I have been informed by the able arguments, or have discovered by my own examination, the authorities agree entirely, to this extent, at least, that for a single wrong, the damages for which are capable of ascertainment, and which is not in the nature of a continuing nuisance or trespass, only one action will lie, and the damages must be assessed once for all.    The doctrine has sometimes operated harshly for plaintiffs, whose damages proved to be greater than they were expected to be.    Here, however, the infringement consisted in making and selling certain machines, identical in the two cases, and not for their continued use; and there is no possible element of prospective or uncertain damage.    See *Bennett* v. *Hood*, 1 Allen, 47; *Trask* v. *Hartford & N. H. R. Co.* 2 Allen, 331; *Goodrich* v. *Yale*, 8 Allen, 454; *Fowle* v. *New Haven & N. Co.* 107 Mass. 352; *Folsom* v. *Clemence*, 119 Mass. 473; *McCaffrey* v. *Carter*, 125 Mass. 330; *Adm'r of Whitney* v. *Clarendon*, 18 Vt. 252; *Great Laxey Mining Co.* v. *Clague*, 4 App. Cas. 115.

In giving the opinion of the supreme court, that an unsatisfied

judgment against one wrong-doer does not bar an action against others who are jointly and severally liable, MILLER, J., is careful to distinguish the case from that of a second action against the same defendant. *Lovejoy* v. *Murray*, 3 Wall. 1, 16.

The plaintiff having elected to take judgment for his profits for the precise infringement which is the subject of this action, which judgment has not been reversed, he cannot now prosecute his action for other damages arising out of the same acts of infringement; and, in accordance with the stipulation, there must be a verdict for the defendant.