NORBERT S. CHOUTEAU, Appellant, *v.* CITY OF ST. LOUIS, Respondent.

### November 18, 1879.

For permanent injury to real estate, the measure of damages is the difference between the value of the land immediately before the injury occurred and the like value after the injury is complete; and, in the absence of actual sale, these values may be shown by the testimony of experts.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

GIDEON D. BANTZ and A. A. CHOUTEAU, for the appellant : Damages extend to the property improved, as well as to the improvements. — *Dalzell* v. *Davenport*, 12 Iowa, 437. The damage for which the plaintiff is entitled to recover is such as is the natural and proximate consequence of the defendant's act. — *White* v. *Moseley*, 8 Pick. 356 ; *Bennett* v. *Lockwood*, 20 Wend. 223. It is proper to arrive at the amount of damage by inquiring as to the value of the property before and after the injury. — *Streett* v. *Laumier*, 34 Mo. 469 ; *Evans* v. *Elliott*, 20 Ind. 283.

LEVERETT BELL, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action to recover damages sustained by plain-

tiff as owner of a lot of ground and the improvements thereon, occasioned, as it is said, by the construction of a bridge on Twelfth Street, St. Louis, which raises the road-bed of the street so as to change the principal current of travel and transportation.

The facts as to the change of grade are undisputed, and are similar to those set forth in the opinion of this court in *Stickford* v. *St. Louis*, 7 Mo. App. 217. Under the ruling in that case, there can be no doubt that the city is liable for any actual damage suffered by plaintiff from the erection of the bridge.

On the trial, plaintiff introduced, as experts, real-estate dealers familiar with the value of property in the neighborhood, who testified that the property was depreciated in value $50 a foot by the erection of the bridge. Plaintiff also testified as an expert and dealer in real estate, and said that the lot was worth $200 a foot before the bridge was put up, and $125 a foot immediately afterwards. The bridge was erected in 1875. A five-years' lease of the property, which expired in 1877, was renewed by the same parties for another term of five years, at the same rent. Plaintiff testified that after the bridge was erected the property was not worth the former rent, and that he could not have got the same rent on the renewal of the lease but for the fact that his brothers and sisters, who have another frontage, joined with him in the lease.

At the close of plaintiff's case, the court, before whom the cause was tried without a jury, gave an instruction that, on the evidence, plaintiff was not entitled to recover. Defendant introduced no testimony. There was a finding and judgment for defendant.

It is contended by respondent that the demurrer to plaintiff's evidence was rightly sustained, because no damages were proved. As to this, he says that, inasmuch as there had been no loss of rent, the damages are purely speculative, as plaintiff has not sold, and has not been compelled

to take a less price than he could otherwise have obtained. This is the only point discussed or alluded to, in this court, by counsel for respondent.

Where the question is of a permanent injury, and not of a merely temporary nuisance, the measure of damages would seem to be the difference between the market value of the land immediately before the injury occurred and the like value immediately after the injury is complete. Although such is not the point in the case, and the case cannot therefore be cited as an authority on the question, this rule is cited and recognized in *Pinny* v. *Berry*, 61 Mo. 367. This could be shown only by the testimony of experts, and they were properly introduced for that purpose. The fact that the lease was renewed on the same terms is not conclusive that no damage was sustained.

In Illinois, where a railroad company constructed its track along a public street in front of plaintiff's lot, under an ordinance of the town granting the right to do so, but which required the company to pay all damages to the property-owners on such street which might accrue in consequence thereof; and the company, in building its road, made an excavation in front of plaintiff's property, which diminished the value of his lot, it was held that plaintiff was entitled to recover as damages whatever diminution in value his real estate may have undergone in consequence of laying the track; and that, to show this, testimony should be introduced as to the market value of the property before and since the injury, laying out of view any inflated value, arising from any cause. On this head, proof of the rental value before and since the construction, the court said, would also furnish some criterion by which to determine the extent of the injury. And it adds that, though damages in cases of this sort must not be of entirely a speculative character, but be based on a solid foundation, none are more solid than those thus indicated. *St. Louis, etc., R. Co.* v. *Capps*, 67 Ill. 607.

And in a similar and later case in the same court ( *St. Louis, etc., R. Co.* v. *Haller* ) this ruling is approved, and it is said : " The loss or depreciation in the value of the property produced by the construction of the road is the true measure of damages. What the property would sell for before and after the road was constructed would be one mode of ascertaining the damages, if the price was shown to have been reduced by reason of building the road. But it would not be the only mode of determining the question. So would its rental value be another, where the property was held for rent. If there was no other property of the same value or description in the place, which had been sold, then other modes would have to be resorted to than proof of the sale of such property before and after the damage was done. It might, in such case, be shown by witnesses who were acquainted with the value of other property in the same vicinity, of the same character, by comparison. The law could never tolerate a rule that damages could not be assessed unless sales could be proved of property precisely similar in all respects. To adopt such a rule would be to deprive a party of all right to recover in such a case unless he could show a sale of property precisely of the same kind, in all respects, before and after the damage was done. It was proper to resort to the character of evidence heard in this case, as affording the jury the best means of ascertaining the extent of loss actually sustained. It may be that the anticipated construction of the road may have inflated prices of property, and that, failing to realize the expected advantages it would confer, all property in the place may have receded, as the evidence tends to show that it did. But we presume the jury made all proper allowances therefor."

We think that there was some competent evidence of damages in this case, and that the learned judge of the trial court erred in declaring that, on the pleading and evidence, there could be no recovery. The judgment is reversed and the cause remanded. All the judges concur.