HERRO WILLIAMS, Respondent, *v.* MISSOURI FURNACE
COMPANY, Appellant.

### December 12, 1882.

1. TRESPASS — MEASURES OF DAMAGES. — In an action for the infringement
of the right of lateral support, the measure of damages is the diminution
in value of the premises caused by the sliding and falling of the soil.
2. —— All damages which are the direct and natural result of an act of tres-
pass to realty may be recovered in one action, though a part has accrued
since the beginning of the suit.
3. —— VERDICT — PRACTICE. — In an action of trespass to realty the verdict
will not, on appeal, be disturbed as being excessive, unless it plainly ap-
pears that the jury was actuated by passion or prejudice.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Affirmed.*

HITCHCOCK, LUBKE & PLAYER, for the appellant:
Plaintiff alleged no trespass upon his lot. His action is
solely for damages for removal of lateral support. He had
no right of support for his buildings, or the pressure thereof.
He claimed no easement. His buildings, having been
erected within ten years before his supposed right of action
accrued, he was not entitled to any easement of support
therefor. — *Charless* v. *Rankin*, 22 Mo. 566 ; *Busby* v.
*Holthaus*, 46 Mo. 161 ; *Gillmore* v. *Driscoll*, 122 Mass. 199.
The measure of plaintiff's damages was the value of the
earth which fell away from the line of his lot. — *Gillmore*
v. *Driscoll*, 122 Mass. 199. The instruction given by the
court, of its own motion, was erroneous, in that it car-
ried the claim for damages beyond the date of the writ
in this case. Plaintiff was bound in law to stop the accruing
of damages, by repairing the injuries himself. — *Douglass*
v. *Stephens*, 18 Mo. 365.

O. G. HESS and GOTTSCHALK & BANTZ, for the respon-
dent : The measure of damages for injuries to real estate are
the diminution of the salable value of the land injured.

*Chouteau* v. *St. Louis*, 8 Mo. App. 48; *House* v. *Hammond*, 39 Barb. 89; *Hasher* v. *Railroad Co.*, 60 Mo. 304; *Tate* v. *Railroad Co.*, 64 Mo. 49.

THOMPSON, J., delivered the opinion of the court.

The plaintiff and defendant were adjoining proprietors of real estate. The defendant, in excavating on its own lot for sand, dug so near the plaintiff's lot as to deprive the ground of its natural lateral support, and some of it fell into the excavation. For this the plaintiff brought this action, and had a verdict and judgment for $600. The questions which we are invited to consider relate to the measure of damages.

1. Under this head the following instruction is complained of: " The court instructs the jury, that if they find for the plaintiff they will award him such damages as they may believe from the evidence his premises have been diminished in value by the injury received, in consequence of the sliding and falling of his soil into the excavation, but in no case to exceed the sum of $2,000."

This instruction is complained of on the ground that the court should have directed the jury that the measure of the plaintiff's damages was the value of the earth which fell away from the line of the plaintiff's lot. It is believed that there is no modern authority for such a rule. Such a rule would be clearly against reason. It would afford no substantial compensation to one who has suffered a substantial injury. There is no substance more plentiful than the soil on which we walk, and it cannot be shown that a quantity of loose dirt has any substantial value. It may, indeed, have a very considerable value to a proprietor when resting in its natural state in a lot of ground owned by him; and this, it is believed, is the value which is contemplated by the old rule in question. But the enunciation to a jury of this rule, without qualification, would be misleading, for it

would induce them to render no more than nominal damages. The true rule as to the measure of damages for permanent injuries to land, as enunciated by the supreme court in *Pinney* v. *Berry* (61 Mo. 359, 367), and by this court in *Chouteau* v. *St. Louis* (8 Mo. App. 48), is, that it is the difference between the value of the land immediately before the injury accrued and the like value after the injury is complete. The instruction complained of substantially embodied this idea.

We do not gather the force of the criticism that this instruction was erroneous because it had the effect of telling the jury that the measure of the plaintiff's damages was the diminution of the value of the entire property, caused by the injury. His property consisted of but one lot, and we do not see how this can be severed in considering the damage which it has sustained, unless we fall back upon the old idea already stated, that the measure of damages is the value of the dirt which fell away from the plaintiff's lot and upon the defendant's lot, which dirt the defendant consequently acquired tortiously from the plaintiff. The case of *Gillmore* v. *Driscoll* (122 Mass. 199) is not, as we read it, authority for such a position. There the court gave " damages occasioned to the plaintiff by loss of, and injury to, her soil alone, caused by the acts of the defendant, amounting to $95." It seems to us that a distinction between an injury to the plaintiff's soil and an injury to his lot would be quite too refined for the purposes of practical justice ; and the same, we think, may be said of a distinction between an injury to the plaintiff's soil and an injury to his premises caused by the falling of his soil into his neighbor's pit. It is a general rule that, for permanent injuries to property, whether real or personal, the plaintiff is entitled to recover the depreciation in value caused by the injury. *Shelbyville, etc., R. Co.* v. *Lewark*, 4 Ind. 471 ; *Ryan* v. *Lewis*, 3 Hun, 429 ; *Easterbrook* v. *Erie R. Co.*, 51

Barb. 94; *Cleland* v. *Thornton*, 43 Cal. 437; *Dixon* v. *Baker*, 65 Ill. 518; *Jutte* v. *Hughs*, 67 N. Y. 267; *Hughs* v. *Quentin*, 8 Car. & P. 703; *Streett* v. *Laumier*, 34 Mo. 469; *Gilbert* v. *Kennedy*, 22 Mich. 117. This rule is substantially embodied in the instruction we are considering.

The same consideration, we think, disposes of the objection that the court erred in admitting evidence as to the general decrease in value of the plaintiff's entire premises caused by this injury. We think that in estimating the difference in value of the land before and after the injury, the value of the entire lot and the improvements might as well be taken as the basis as the value of the ground alone; for although the injury was not to the buildings, but to the ground, yet a proper estimate would produce the same result upon either basis.

2. The court of its own motion instructed the jury as follows: "You are also instructed that the plaintiff cannot recover for any damage which his premises may have sustained or suffered since the commencement of this suit, May 22, 1880, except such damage as the jury may believe from the evidence to have been the direct and natural result of the acts of the defendant complained of in the petition." The court also refused an instruction, requested by the defendant, that the plaintiff could not recover for any damage which his premises may have suffered since the commencement of this suit. We are of opinion that these rulings of the court were not erroneous. We understand it to be a general rule relating to the measure of damages that all the damages accruing from a particular injury must be recovered in one suit. The law does not tolerate the splitting of a cause of action, and the bringing of a new suit for every subsequent damage which may accrue from the original wrong; and, therefore, it is a general rule relating to the measure of damages that all damages which have flowed, and all damages which will reasonably flow,

directly from the wrongful act complained of, may be recovered. *Barbour County* v. *Horn*, 48 Ala. 566 ; *Stewart* v. *Ripon*, 38 Wis. 584 ; *Baltimore, etc., R. Co.* v. *Trainor*, 33 Md. 542 ; *Gilbert* v. *Kennedy*, 22 Mich. 117 ; *Collins* v. *Council Bluffs*, 32 Iowa, 324 ; *Pittsburg, etc., R. Co.* v. *Donahue*, 70 Pa. St. 119 ; *McLaughlin* v. *Corry*, 77 Pa. St. 109 ; *March* v. *Walker*, 48 Texas, 372 ; *Weisenburg* v. *Appleton*, 26 Wis. 56 ; *Russ* v. *Steamboat War Eagle*, 14 Iowa, 363 ; *Curtis* v. *Syracuse, etc., R. Co.*, 18 N. Y. 534 ; *Hicks* v. *Herring*, 17 Cal. 566 ; *Hodsoll* v. *Stallebrass*, 11 Ad. & E. 300 ; *Whitney's Administrator* v. *Clarendon*, 18 Vt. 252. It is true that this rule is of more frequent application in cases of injuries to the person than in cases of injuries to real property, and courts have sometimes denied its application in the latter class of injuries. *Langford* v. *Owsley*, 2 Bibb, 215 ; *Shaw* v. *Etheridge*, 3 Jones L. 300 ; *Duncan* v. *Markley*, 1 Harp. 276 ; *Polly* v. *McCall*, 1 Ala. Sel. Cas. 246 ; *Da Costa* v. *Massachusetts, etc., Co.*, 17 Cal. 613.

The precise application of the rule which we have now under consideration was before the Queen's Bench Division in 1878, in the case of *Lamb* v. *Walker* (3 Q. B. Div. 389). It was held by Mellor and Manisty, JJ., that, in an action for an injury to the plaintiff's land and buildings by the removal of lateral support, all damages which may be reasonably anticipated as likely to flow from the act done must be embraced in the recovery, for they cannot form the subject of future actions. Lord Cockburn, C. J., dissented. He was of opinion that each subsequently recurring damage would furnish a separate cause of action. This principle of embracing all damages, present and prospective, which it may reasonably be presumed will flow as a direct and natural consequence from the act done, in one assessment or award, applies in cases of the assessment of damages where private property is

condemned for public works; and hence it is a rule of general application in such cases that no action at law can be maintained for damages subsequently accruing to the land-owner from the constructing, maintaining, or operating of such public works, except where there is a subsequent injury or trespass, such as would not have been reasonably foreseen and taken into consideration in the original assessment, and the damages arising from which are therefore presumed not to have been embraced therein, but which are predicated upon a subsequent tort as a separate and independent cause of action. 1 Thomp. on Neg. 569, and cases cited. It is difficult to conceive of any reason which could be urged against the application of the rule which allows prospective damages in such a case as the one we are here considering, which could not, with equal reason, be urged against it in cases of personal injuries, and in the other very numerous cases where it is constantly applied. The principal reason which has caused the courts to hesitate in the adoption of the rule is the danger that it would lead the jury into the dominion of speculative damages; but this reason is overborne by the policy of preventing a multiplicity of suits, by requiring all damages, present and prospective, springing out of a wrongful act done, to be sued for and recovered in one suit.

3. Finally, it is urged that we ought to set aside the verdict on the ground that the damages are excessive. Whatever might be our views, if we were possessed of jurisdiction to settle the amount of damages, it is not clear to us that the amount awarded by the jury in this case is so large as to indicate that in awarding it they acted from passion, prejudice, or in palpable disregard of the evidence. We cannot, therefore, interfere with it.

The judgment is accordingly affirmed. All the judges concur.