BINICKER v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroads**: KILLING STOCK: DAMAGES. In an action under R. S., section 809, for double damages for killing stock, the railroad company is liable if the stock entered upon its track through a gate at a farm crossing which was open for want of a proper fastening, but if the gate was propped open or left open by third parties when the cattle entered through it, the finding should be for the defendant.

2. ——— : ——— : PLEADING. Where several cattle are killed by a

railroad engine at one and the same time, all damages resulting therefrom belong to one cause of action and the petition should contain but one count.

*Appeal from Buchanan Circuit Court.*—HON. W. H. SHERMAN, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

The first instruction on behalf of plaintiff is erroneous. If the gate blew open for want of a proper fastening and the cattle entered because the gate was blown open, plaintiff could recover. If it was opened by third parties, the want of a proper fastening was not the proximate cause of the injury, and defendant was not liable. There was evidence on each of these theories, and the jury should have been instructed specifically on each state of facts in evidence. It was a question of law whether the injury was *occasioned* by want of a proper fastening, to be ruled by the court for the plaintiff if the jury found that the gate blew open for want of a proper fastening, and for the defendant if it was left or propped open by third parties. *Henry v. Railroad Co.*, 76 Mo. 293. The jury might well have found under the court's instruction that "proper hook and latches for fastening" the gate meant such as could not be blown or left open. The statute requires such fastenings as "may be easily opened and shut." R. S., 1879, § 809.

*S. B. Green* for respondent.

MARTIN, C.—This is an action for the killing of animals under section 809, Revised Statutes, 1879. In his complaint, the plaintiff claims double damages in his first count for the killing of a cow, in his second for the killing of a two year old steer, in his third for the killing of a three year old heifer, in his fourth for the killing of a steer one and a half years old. On trial anew in the

circuit court without jury there was a finding and separate assessment of damages on the three first counts, which in the aggregate sum up $120, for which judgment was entered in plaintiff's favor, to reverse which defendant appeals. The evidence failed to sustain the ownership of the property described in the fourth count, and no finding either way appears in the judgment of the court.

The evidence tended to prove that the cattle were all injured at the same time, and that they entered upon the defendant's road through a gate which it was the duty of the defendant to maintain ; that the gate had originally been furnished with padlock and key, and that the key had been left in custody of a near neighbor ; that the lock had been torn off by parties unknown ; that in place thereof the defendant substituted a wire, one end of which was fastened on the gate frame, the other end of which terminated in a loop, which upon closing the gate, fitted over a large bull spike driven into the gate post ; that the wire was too long, and gave the gate so much play that it frequently became unfastened by the wind. It also appeared that the gate was frequently left open by parties passing through. It also appeared in evidence that on the morning of the accident the section master, in company with the plaintiff, traced the tracks of the cattle from the point at which they were killed to the gate, and that on getting there they found the gate propped open ; and that some farmers were at that time hauling wood through the gate-way and piling it up on defendant's road-way.

The court declared, as a proposition of law, that if the gate blew open for want of a proper fastening and the cattle entered upon the track of defendant while it was thus open, the plaintiff was entitled to recover. This instruction or declaration was proper enough.

The defendant asked the court to declare as a proposition of law that if the gate was propped open or left open by third parties, the finding should be for defendant. I think the court erred in refusing this declaration

of law; and the action of the court in so doing leaves a strong inference that the court was governed in its finding by an erroneous view of the law applicable to the evidence in the case. If the gate was propped open by third parties, and the cattle entered while it was thus open, then their entry and consequent injury could not be the result of a defective fastening. The same conclusion would follow if they entered while it was negligently left unfastened by third parties, so as to admit the entry of stock. There was evidence to support this theory of the case coming from the plaintiff's own examination, as well as that of other witnesses. For refusing to declare the law applicable to the defendant's theory of the case, the judgment ought to be reversed.

As the case will have to be tried again, I may properly suggest here that as it appears that all the cattle mentioned in the four causes of action were killed at one and the same time, all damages resulting therefrom belong to one cause of action, and that the plaintiff's statement is improperly divided into four counts or causes of action. This defect can be cured by an amendment of the statement. The judgment is reversed and the cause remanded. All concur.