WILLIAM F. LAMB, Respondent, v. ST. LOUIS CABLE & WESTERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, January 22, 1889.

1. **Cable Railway:** MUNICIPAL ORDINANCE. Municipal ordinances regulating the running of street-railway cars are applicable to all cable and other railways employed in the transportation of passengers through the streets of a city, without distinction as to the character of the motive power.

2. **Damages:** PLEADING: INJURIES TO PERSON AND PROPERTY. Injuries both to the person and to property are properly included in one count of a petition for damages, when the cause of all the injuries was the same.

3. **Evidence:** ADMISSION OF FACT. A party is in no position to complain of the introduction of a fact in evidence, when he has admitted such fact upon an offer by the adverse party to prove it.

4. **Practice, Trial:** AMENDMENT AFTER JUDGMENT. A petition may be amended after judgment rendered, for the purpose of rectifying a formal defect which might have been cured by amendment before or during the trial.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN L. THOMAS, Judge *pro tempore.*

AFFIRMED.

*Martin, Laughlin & Kern,* for the appellant.

The court erred in permitting plaintiff to read rules 4 and 7, of section 2, article 4, chapter 31, of the revised ordinances of the city of St. Louis, of 1881, and also sections 21 and 26 of the same article, chapter and ordinances, and in permitting testimony showing that defendant kept no watchman at the crossing as required by the provisions of these ordinances. This was not such railroad as these ordinances applied to. It also

erred in permitting plaintiff to offer evidence as to the value of the wagon, horse and harness, and also in permitting plaintiff, after judgment was entered in his favor, to amend his pleadings, as evidenced by the record. For these errors this case should be reversed.

*Mills & Flitcraft,* for the respondent

· We presume appellant objects to the ordinances read for the reasons set forth in its brief, viz., that said ordinances "apply only to cars run by steam." This objection can have no weight for the reasons that said ordinance applies to street· railways and to street cars as appears by the ordinance itself, regardless of the motive power. Counsel for appellant, in their brief, charge that the court erred in permitting testimony to be received showing that appellant kept no watchman at the crossing, as required by the provisions of the ordinance. We will state that no such evidence from any of respondent's witnesses was admitted, but, on the contrary, at and during the trial, appellant's attorney voluntarily admitted there was no watchman at the crossing. The court did not err in admitting evidence as to the value of the wagon, horse and harness, for the reason that the damage to respondent's person and property were set out in the same count. It is well settled that all damages resulting from a single act not only may, but must, be set out in the same count. The court did not err in permitting respondent, after judgment was entered in his favor, to amend his pleadings.

BIGGS, J., delivered the opinion of the court.

Defendant is the owner of a street railway in the city of St. Louis, known as a cable railroad. On the twelfth of April, 1887, while plaintiff was driving along a street over which defendant's road is operated, a train

of cars running on the defendant's road and in charge of the defendant's servants, struck plaintiff's wagon, which resulted in personal injury to plaintiff and also damaged his wearing apparel, wagon, horse and harness.

Plaintiff averred that the collision occurred on account of the failure of the defendant to observe certain rules for the running of street railways, as provided by the ordinances of said city. There was a denial of any negligence by the defendant, and an averment of contributory negligence by the plaintiff. There was a trial by jury, resulting in a verdict and judgment for plaintiff for seven hundred dollars.

The only errors complained of by defendant in this court relate to the admission of improper testimony against defendant's objection, and that after final judgment, the court permitted an amendment to be made to the petition.

Plaintiff read in evidence, rule 4, section 2, article 12, chapter 31 of the revised ordinances of said city. That portion of said rule four (4) applicable to this case is as follows: "Upon the approach of any car to a distance of fifty feet or less from any vehicle, the conductor or driver of such car shall notify the driver or person in charge of said vehicle to vacate the track." Plaintiff also read in evidence, rule 7, of said section 2, which reads as follows: "That the conductor and driver of each car shall keep a vigilant watch for all vehicles and persons on foot, especially children, either on the track or moving towards it, and at first appearance of danger to such person or vehicles, the car shall be stopped in the shortest time and space possible." Defendant's counsel objected "because the rules or ordinances read in evidence were not applicable to this case." The evidence of plaintiff tended to show a violation of said rules by defendant's servants in the operation of its road, and that the failure to so observe said rules caused the collision. The ordinance states that the rules therein promulgated shall govern *all street railways* in said city.

There is nothing in the record to show that this ordinance is not applicable to defendant's road. Defendant's road is certainly a street railway, and defendant is engaged in transporting passengers thereon to and from different parts of said city along its line of road. It can make no difference what kind of motive power is employed.

Defendant also objected to plaintiff's proof as to the amount of damage plaintiff had sustained on account of the destruction of his wagon, harness, wearing apparel and injuries to his horse. The objection was, "that plaintiff's petition contained but one count ; that plaintiff could not include in the same count claims for injuries, both to his person and property." This objection is not tenable. This court, in *Stickforth v. City of St. Louis*, 7 Mo. App. 217, said : "The various forms or subjects of injury sustained by a party from a single wrongful act cannot multiply the causes of action." In case of *Bennecker v. Railroad*, 83 Mo. 660, the court, in discussing this question of pleading, said : "There was but one cause of action and there should be but one count. The entire injury, both to person and property, happened at the same time and was the result of one accident." There was a general averment in the petition that plaintiff's horse, wagon, etc., were damaged, but in what manner, and to what extent they were injured, was not stated. The record shows that sections twenty-one and twenty-six of said article and chapter were not admitted in evidence by the trial court. The record also shows that when plaintiff offered to prove that defendant failed to keep a watchman at the street-crossings, as required by said sections twenty-one (21) and twenty-six (26), the counsel for the defendant admitted the fact ; therefore defendant is in no position to complain of this.

After final judgment the court permitted plaintiff to amend his petition by inserting the following allegations:

Lamb v. St. Louis Cable & Western Ry. Co.

"That his wagon was almost totally destroyed, to his damage in the sum of one hundred and twenty-five dollars ; that his horse was rendered almost worthless, to his damage in the sum of one hundred dollars ; that his harness was broken and damaged in the sum of fourteen dollars, and his clothing destroyed and damaged to the extent of thirty-five dollars." Defendant assigns this for error. The petition as to the defect sought to be remedied was amendable. It was a formal defect, and if objection had been made on account of it, either before or during the trial, it could have been cured by a proper amendment. The action of the court in permitting the amendment to be made was clearly authorized by the statute. R. S. 1879, sec. 3570 ; Bliss Code Plead. [ 2 Ed. ] sec. 440.

It follows that the judgment must be affirmed, and with the concurrence of the other judges, it is so ordered.