### ROSENBERG *v.* STATEN ISLAND RY. CO., (two cases.)

*(Common Pleas of New York City and County, Special Term.* March, 1891.)

ACTION—CONSOLIDATION—INJURY TO PERSON AND PROPERTY BY SAME TORT.

Injuries to the person and to property of plaintiff by the same tort are "claims arising out of the same transaction," which may be united in the same complaint, under Code Civil Proc. N. Y. § 484, subd. 9, and separate actions for such injuries may be consolidated.

Two actions by Samuel Rosenberg against the Staten Island Railway Company, one for injuries to his person, and the other for injuries to his property, caused by a collision with defendant's cars. Defendant moves to consolidate the actions.

*F. J. Bischoff,* for plaintiff. *Tracy, McFarland, Ivins, Boardman & Platt,* for defendant.

PRYOR, J. The motion is by defendant to consolidate the actions. The one action is for injury to plaintiff's horse and wagon by the negligent collision of defendant's cars. The other action is for injury to plaintiff's person by the same collision. The answers in both cases are literally identical. By the express provision of the Code, to be capable of consolidation, the causes of action must be such as may be united in a single complaint. Section 817. Here the two causes of action are not embraced in either of the first eight subdivisions of section 484 of the Code of Civil Procedure; the one being for injury to the person, (subdivision 2;) the other, for injury to personal property, (subdivision 6.) The question, then, is, are they within the scope and intent of subdivision 9? The causes of action do certainly arise out of the same transaction, but are they of the character contemplated by this provision? Its language is, "claims arising out of the same transaction." But a demand of damages from a tort is as strictly a "claim" as a demand for money due upon contract. Since, then, the two causes of action arise out of the same transaction, and are consistent, since the issues and the defenses in both are identical, and since the evidence to support and the evidence to defeat the actions must be the same in both, I can perceive no objection to their consolidation. True, the elements and the measure of damages in the actions are different; but a statement of the amount of damages is not an issuable allegation, and no embarrassment on the trial can ensue from the diverse proof and measure of damages. A motion to consolidate may be made any time before the cause is moved for trial. *Bank* v. *Hay,* 8 Daly, 328, 331. Moreover, a demand for consolidation was made before issue joined. Hitherto the argument has proceeded on the hypothesis that the complaints exhibit two several causes of action; but is it so? In both cases the cause of action is the negligence of defendant in running its train, and one and the same act of negligence is alleged as the occasion of each injury. In other words, by the same tort plaintiff is damaged in person and property. The tort is single, while the effects of it are double; and the question is, are there two several and separate causes of action? Or, is there but one cause of action, *i. e.,* defendant's negligent act, attended, however, with injurious consequences both to his person and property? And since, for a wrong, plaintiff must recover all his damages, present and prospective, in a single action, would not a judgment in one of these actions be a bar to the other? Is not plaintiff here

"splitting up" a single cause of action into two?   However this may be, to spare the expense and vexation of two trials when one will suffice for all the purposes of justice, these actions should be consolidated.   Motion granted, but without costs.