I. J. SIMS, Respondent, v. CHICAGO & ALTON RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 13, 1900.

1. **Damages:** LOSS BY FIRE: PETITION: R. S. 1889, SECTION 2615. Although the petition charges negligence in running the train, which might be done, provided its allegations were sufficient to bring the case within the statute, nor would such allegations of negligence prevent a recovery under the statute without proof of negligence.

2. ———: ———: ONLY ONE CAUSE OF ACTION. The damages suffered by plaintiff constituted but a single cause of action, and should have been sued for in one count, instead of two.

3. ———: ———: NOT PREJUDICIAL ERROR. The error of stating one cause of action as two, and in two counts, to warrant a reversal must have been prejudicial to appellant, which the court finds was not so, but rules that the defendant was profited thereby, and therefore the error complained of is not reversible error.

Appeal from the Audrain Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*George Robertson* for appellant.

(1) It was bad pleading to split the cause of action and put it into two counts and as this did not appear on the face

of the petition it was properly raised in the answer. Sections 2039, 2040, R. S. 1889. The defect was not waived as it was set up in the answer. Section 2047, R. S. 1889. It was properly raised by the motion to compel plaintiff to elect. Harris v. Railroad, 51 Mo. App. 125. A cause of action can not·be split into different actions. Mateer v. Railroad, 105 Mo. 320. As there was but one action it should have been put in one count, and as each count is a complete cause of action the petition, when properly attacked, was bad. Lamb v. Railroad, 33 Mo. App. 489; Bickner v. Railroad, 83 Mo. 660. The correct rule on this subject is, in our opinion, that laid down in Lackey v. Vanderbilt, 10 How. Pr. 155; Nash v. McCauley, 9 Abb. Pr. 159; Sipperly v. Railroad, 9 How. Pr. 83. (2) The defendant had asked the court to compel the plaintiff to elect as in the case at bar. (3) The petition is an action for negligence and not under the statute, section 2615, R. S. 1889. If it stated facts sufficient to bring it within the statute, notwithstanding it states a·common law action, it would be good. But this it does not do. A petition, to be good under the statute, must allege, first, the ownership or operation of the railroad by the corporation defendant; second, that the fire was communicated directly or indirectly by locomotive engines in use upon·the railroad owned or operated by the defendant; third, that plaintiff was the owner of the property injured or destroyed.

*D. H. McIntyre, W. B. McIntyre, P. H. Cullen* and *W. A. Edmonston* for respondent.

(1) The petition clearly states a cause of action under section 2615, and, this being true, under Campbell v. Railroad, 121 Mo. 348, and Walker Bros. v. Railroad, 68 Mo. App. 475. "Allegations of negligence or more than was required under the statute did not forfeit his right to recover."

Section 2615 provides that each railroad corporation "owning or operating a railroad" shall be liable in damage to persons or corporations "whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon, owned or operated by such railroad. The petition in this case is a literal copy of the petition in Fields v. Railroad, 80 Mo. App. 603; and the Fields case, *supra*, on this point is certainly on all fours with the case at bar. (2) The petition sufficiently charges ownership of the road by defendant and of the property destroyed as that of plaintiff. Bondurant v. Ins. Co., 73 Mo. App. 477. Even though it be conceded that the proper rules of pleading would require the whole action to be stated in one count, yet it does not follow that the statement of the cause of action in two counts is reversible error. If error at all, it is not error "materially affecting the merits of the action," and for such errors only are the courts authorized to reverse. R. S. 1889, 2303; Deal v. Cooper, 94 Mo. 62; Sebree v. Patterson, 92 Mo. 451.

BIGGS, J.—This is an action for the value of certain personal property, and for damages to a meadow, which property the plaintiff alleged was destroyed by fire communicated to his farm by an engine while operated on a railroad owned by the defendant. There are two counts in the petition in which the pleader erroneously treats the destruction of the personal property and the damage to the realty, all resulting from the same fire, as two separate causes of action.

The first count of the petition is as follows: "Plaintiff states that the defendant is and has been during all time herein named a corporation, incorporated under the law of the state of Illinois, and as such corporation is operating and was at all times herein mentioned operating a line of railroad in the state of Missouri, which road passes through

Audrain county, Missouri, operated under the laws of the State of Missouri, and doing business under its corporate name of the Chicago & Alton Railroad Company. Plaintiff states that he is and was at all times hereinafter mentioned owner of a farm in Audrain county, Missouri, situated about one mile east of Thompson, in said county, being the same premises on which plaintiff then and now resides; that the railroad of defendant runs and did run at all times herein mentioned along and near the south side of said premises of plaintiff; that on the third day of September, 1898, a certain engine and train of cars were run over defendant's said road at the points where said road runs along and near a side of the premises of plaintiff; that said engine was then and there so defectively and improperly built and constructed and it and said train of cars were so carelessly, negligently and unskillfully managed by the agents and servants and employees of defendant in charge thereof that fire escaped from said engine and train of cars and set fire to the grass and hay and fences of plaintiff on said farm and totally consumed the said grass and hay and destroyed 100 fence posts, worth ten cents each, of the value of ten dollars; 500 rails of the value of $12.50; 58 acres of fall pasture of the value of $145; 100 loads of manure of the value of $100; 58 acres of hay of the value of $1,087.50, all on plaintiff's said premises, to plaintiff's damage and belonging to said plaintiff, and the same did damage plaintiff by the destruction of plaintiff's property aforesaid on the said premises in the sum of $1,355, for which with costs he asks judgment."

In the second count the plaintiff charges that the same fire destroyed fifty-eight acres of meadow belonging to plaintiff of the value of one hundred dollars, for which he asked judgment.

There was a finding by the jury on the first count for $527.50, and also on the second count for $35.00, and a judg-

ment was entered for the total amount.    The defendant has appealed.

The petition charges negligence in running the train, but the action was tried and submitted as if brought under the statute (section 2615, R. S. 1889).    This was permissible, provided the allegations in the petition were sufficient to bring the case within the statute (Campbell v. Railroad, 121 Mo. 340; Fields v. Railroad, 80 Mo. 603).    Section 2615 reads:    "Each railroad corporation owning or operating a railroad in this state shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporations and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it, and may procure insurance thereon in its own behalf for its protection against such damages."    However, it is urged by counsel for defendant that the petition is insufficient to bring the case within the purview of the statute, in that neither count sufficiently alleges ownership of the railroad and engine by defendant nor plaintiff's ownership of the property burned.    The allegations are almost identical with those contained in the petition in the Fields case, *supra*.    We there held the petition to be good, and we so rule here.    This point will therefore be decided against the defendant.

The damages suffered by plaintiff constituted but a single cause of action, therefore they should have been sued for in one count instead of two.    Lamb v. Railroad, 33 Mo. App. 489; Stickford v. City of St. Louis, 7 Mo. App. 217; Binicker v. Railroad, 83 Mo. 660.    Was the defendant prejudiced by this error, is the important question.    Section 2303 of the

statute provides, that appellate courts "shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action." An examination of the instructions shows that the defendant profited by the error in the pleadings. The conception of the pleader was that the destruction of the roots of the meadow was damage to the land and constituted a separate cause of action, and was so stated in the second count. In the first count he included the destruction of some fence posts which constituted a part of the fence on the farm, and also damages to the land for fall pasture. These two items of damage the court decided pertained to the realty, and by its instruction entirely excluded them from the consideration of the jury. Thus the defendant, through plaintiff's blunder in pleading, escaped a part of the damage for which it was justly liable. This point will likewise be decided adversely to the defendant.

Concerning the first count the plaintiff's instructions limited the recovery to the value of the rails, manure, and "fifty-eight acres of hay." In one of defendant's instructions the court declared, as a matter of law, that if at the time of the fire the hay mentioned in the first count had not matured, then it was a part of the land and damage therefor should be assessed accordingly. It is now urged by the defendant that the plaintiff's evidence showed affirmatively that the hay had not matured and therefore plaintiff's instruction as to the damages recoverable under the first count was erroneous. In this we think counsel is wrong. The fire occurred on the third day of September. At the time of the fire the hay had not been cut. The plaintiff testified: "I let this grass stand late because no grass ought to be cut for hay until in September, then I think it makes better feed." This is all the evidence bearing on the question, and from it we

think the inference may be fairly drawn that at the time of the fire the hay had fully matured.

There are other objections to the instructions, which we do not deem it necessary to discuss, as the result would not be changed. The case seems to have been fairly tried, and the judgment will be affirmed. All concur.