Kinkead, J.
A question is presented by a motion to separately state and number the alleged causes of action. It has received earnest and serious consideration by learned courts, concerning which there is sharp conflict of opinion. It is simple and unimportant so far as the consequences of this case are concerned. But its importance as a rule of practice in any jurisdiction is. so serious that it prompted a most careful examination and has been given the best deliberation which I have been able to bestow upon it. I have been impressed with the historical value of the old distinction concerning the formal common law actions as throwing light upon the principles and rules under the code. We still think and act in the spirit of the formalisms of the old system,, which is the vehicle of expression of our thoughts concerning rights and causes of action.
This action is brought by plaintiff to recover damages for personal injury suffered by being run into by defendant’s ear, as well as for damages done to his horse and his buggy in which he was riding. The total damage claimed is $1,200.
The act of defendant complained of is the single act of running its car into plaintiff’s vehicle without any warning or notice to him of the approach thereof, plaintiff being within plain view thereof.
' It is .urged in support of the motion that because a right of property, and a right of security of person 'has been damaged or injured, there are, therefore, two causes of action.
While the history of the common law shows that the distinction between torts.to the person and torts to property has always obtained, it is remarkable that no definite conclusion upon the question as applied to the facts presented by the motion can be found in English law earlier than Brunsden v. Humphrey, 142 B. D., 141 (1884). Chief Justice Coleridge dissented from the *563 decision in that case, and the decision of the court below was' placed upon the same ground as was the dissenting opinion. Lord Justice Bowen delivering the opinion of the court said:
“I feel great doubt and hesitation in differing from the judgment of the court below and from the great authority of the present Chief Justice of England.”
It is with much hestitation that the court now announces a rule at variance with that announced by a brother member of this court in a case where the precise question was involved, Stillman v. Columbus Railway & Light Company. But the judge delivering the opinion in that case with his customary princely manners has graciously consented to the rendition of this opinion at variance with his decision.
Brunsden v. Humphrey, 142 B. D., 141, and Reilly v. Paving Company, 170 N. Y., 40, both exhaustive and learned opinions, are the leading exponents of the rule that there are two causes of action upon the facts such as are involved in this transaction.
Opposed to the doctrine of those cases are the decisions in Doran v. Cohen, 147 Mass., 343, King v. Railway, 80 Minn., 83, Braithwaite v. Hall, 168 Mass., 38, supported by the learned jurist, Mr. Justice Holmes, which stand as leading cases.
The parmount legal principle decisive of this controversy is to be discovered in the true conception of the cause of action.
In the conception of what constitutes a cause of action courts have followed Mr. Pomeroy, eoneededly one of the most learned of American writers. His view of a cause of action, “the primary right and duty and the delict combined constitute the cause of action” (Pom. Con. Rem., Sec. 413), has been father to the thoughts of a majority of courts and writers upon the subject. It was of Judge Phillips and of others, mention of whose names modesty forbids.
At Section 347 (453) of his Remedies, Mr. Pomeroy gives the following definition:
“The cause of action, as it appears in the complaint when properly pleaded, will always be the facts from which the plaintiff’s primary right and the defendant’s corresponding duty have arisen, together uMh the fads which constitu,te the defendant’s delict or act of wrong.”
*564 As a lecturer for sixteen years on the subject, this author has been the idol and master of -the writer of this opinion.' I am impressed with the darkness on the way between theory and practice, which .disappears in the concreteness of procedure. A definition of a cause of action has a dual aspect, one concerning substantive law, and another in relation to adjective law. It has a meaning in law apart from the facts stated in the pleading. It may be defined so as to comprehend the whole legal conception of it, as well as to furnish a guide as a rule of pleading and a means of solving the -troublesome question so often arising touching the question whether -one or more causes are stated or involved in a statement.
The definition of Mr. Pomeroy correctly gives the comprehensive legal conception of a cause of action as it exists'in the mind of •the judge when he look-s at the facts stated in the pleading disclosing the delict, as well as of the law which is not there stated, and which determines whether a cause is stated, and how many.
There must be a practical definition of the cause as a pure rule of pleading by means of which a decision may be made whether a single cause is stated or whether more than one cause is stated.
The test prescribed by Mr. Pomeroy and by some courts, that a cause of action arises for each violation of a primary right, i. e., the right of the person, and of property, is the source of the difficulty lying at the basis -of the controversy about the pending question.
If all could unite upon the definition by Judge Bliss, that “the cause of action must necessarily be the wrong which is committed or threatened” (Bliss Pl., 151), there would be no difficulty whatever in solving this or any kindred problem. A proper conception of a cause of action is exclusively adjective. When -a wrong is done in violation of some right or duty a right accrues to the injured to resort to the adjective law'for-redress. This right is attended by certain consequences peculiarly within the province of that branch of law, with which substantive law has no concern, so far as relates to the statement in the pleading. Among -them is the question now before the court, others not being mentioned for economical reasons.
*565 If the test of the wrong complained of be adopted for determining the cause, instead of that of the right infringed, all difficulty and confusion vanishes. The necessity of adopting the former is imperative, because of the demands .of adjective law. The latter forbids the statement in the pleading of the substantive law as the legal right, or duty, permitting only a statement of the facts disclosing the wrong complained of.
The analysis of the gist of an action for negligence .adopted by the court in Brunsden v. Humphrey, supra, being the harm to person or property negligently perpetrated, does not appear to rest upon sound principle. The court in declining to discuss 1 ‘ the refinements of scholastic jurisprudence and the various uses that have been made * * * of the terms “injuria” and “damnum” ignores the well settled .conception of those terms by concluding as it does that the cause is the actual damage to person or property. The court in that ease also ignores the leading English authority, Howell v. Young, 5 B. & C., 259, which has been so generally followed. It was there held that the cause of action was “the misconduct of the defendant (which) is the gist of the action. * * * The declaration is framed so as to show that the misconduct of the defendant is the cause of action. Whatever the form of action, the breach of duty is substantially the cause of action.”
The breach of duty is held to constitute the cause of action by American authorities. Wilcox v. Plumer, 4 Pet., 172; Moore v. Juvenal, 92 Pa. St., 484.
In Schade v. Gehner, 133 Mo., 259, it was held as “fairly well settled” law, that “in actions on the case for negligence, the cause of action is the breach of duty.” To same effect, Northup v. Hill, 57 N. Y., 556, and other eases (Sibley on Cause of Action). In actions for negligence “the cause of action is founded on the breach of duty which actually injured the plaintiff, and not on the consequential damage” (Wood v. Carpenter, 101 U. S., 138). The logical result of Pomeroy’s view, and that of the courts proceeding on the same principle, on the direct question, is that a violated primary right is an element of the cause, and makes two distinct causes of action in this ease, inasmuch as two separate primary rights have been infringed. The following decisions support this rule: Brunsden v. Humphrey, *566 14 Q. B. D., 14; Watson v. Railway Co., 8 Tex. Civ. App., 144; Bodeman v. Crawford, 2 Mo. App., 598 (overruled, 33 Mo. App.), and others; Reilley v. Paving Co., 170 N. Y., 40. The majority of decisions in this country disapprove of the doctrine of Brunsden v. Humphrey, supra, and hold that there is but one cause of action growing out of a' single act of negligence, which result in injury to both person and property, and the damages result in the same manner .and from the same negligent or willful .act of the defendant, and are coincident in point of time, and enure to the injured in his own personal right.
Doran v. Cohen, 147 Mass., 342 (where ship ran into sail boat injuring the person and the boat) ; King v. Railway, 80 Minn., 83 (where train ran into wagon injuring person and the wagon and horses — ¡a well considered case) ; C., H. & D. R. R. v. Chester, 57 Ind., 297 (where negligence of railway resulted in injury to plaintiff, his wife and children. The cause for his own personal injuries, loss of service of his wife and for expenses and labor in curing his child held to constitute but a single cause of action) ; Chicago Railway Co. v. Ingraham, 131 Ill., 659 (held that where damages result to a party in same manner, by single negligent act,‘coincident in time, accruing to plaintiff'in same right and against defendant in same capacity, may be joined in the same count); Seger v. Barkamsted, 22 Conn., 289 (1853), (injury to person and property by reason of defect in bridge); Hodge v. Bennington, 43 Vt., 450 (187), (ease to recover damages sustained to plaintiff, wagon and harness, through insuffieency of highway; held constitutes but one ground of action); Lamb v. Lt. L. C. & W. Ry., 33 Mo. App., 429 (1788), (injury to person and property) ; Stickforth v. St. Louis, 7 Mo., App., 217 (the various forms of subjects of injury sustained by a party from a single wrongful act can not multiply the causes of action); Bennecher v. Railroad, 83 Mo., 660 (“there was but one cause of action and there should be but one count. The entire injury, both to person and property, happened at the same time and was the result of one accident”).
Braithwaite v. Hall, 168 Mass., 38 (1897), (Holmes, J.: “Nowadays we do not require pleadings to be guarded against all the possible distortions of perverse ingenuity. The single collision which caused the damage to the plaintiff’s person and to his *567 bicycle was one cause of action. ‘Un trespasse ne serra mye deux fortz puny.’ Citing Y. B., 5 Ed., II, 134, 135, Doran v. Cohen, 147 Mass., 342, Bliss v. R. R. Co., 160 Mass., 447, 455, Baltimore & O. R. Co. v. Ritchie, 31 Md., 191 (declaration containing but one count, alleging injury to the person and property of plaintiff, by reason of his horse having become frightened and run away, not demurrable); Howe v. Peckham, 10 Barb., 656 (held single act of running wagon into carriage of another, injuring carriage and person riding, is but one cause. This is overruled by 170 N. Y.).
The opinion in 10 Barb., 656, appears to beYhe stronger.
Taylor v. Manhattan R. Co., 53 Hun., 305; Rosenburg v. Staten I. R. Co., 14 N. Y. Supp., 476; Snediker, J., Montgomery Common Pleas, held the same in Wolf v. P., C., C. & St. L. R. Co.
This opinion would not be complete without adding two brief quotations, one from the dissenting opinion .of Chief Justice Coleridge in Brunsden v. Humphrey, supra:
“It appears to me that whether the negligence of the servant, or the impact of the vehicle which the servant drove, be the technical cause of action, equally the cause is one and the same. That the injury done to him at one and the same moment by one and the same act in respect of different rights, i. e., his person and his goods, I do not in the least deny; but it seems to me a subtlety not warranted by law to hold that a man can not bring two actions, if he is injured in his arm and in his leg, but can bring two if besides his arm and leg being injured, his trousers which contained his leg, and his coat sleeve which contained his a.rm, have been torn. The consequences of holding this are so serious and may be very probably so oppressive, that I at least must respectfully dissent from judgment which establishes it.”
The other quotation which I wish to add is that from 80 Minn., 83:
1 ‘ The views we have adopted seem to us more in harmony with the tendency towards simplicity and directness in the determination of controversial rights. That rule of construction should be adopted which will most speedily and economically bring litigation to an end, if at the same time it conserves the ends of justice. There is nothing to be gained in splitting up the rights *568 of an injured party as in this case, and much may be saved if one action is made to cover the subject.”
Thus, it will be seen .that a majority of the decisions are based upon the-correct view that the cause of action is the wrong, the one negligent act, the violation of the single duty, though it may result in damages to both person and property. This view renders any consideration of the limitation of actions, • or the survivorship thereof unnecessary. It requires that recovery for all the injury shall be had in one action. If that action seeks and obtains damages only for injury to the person, the judgment is a bar to any further action for damages to the property.
Finally it may appropriately be concluded in this case that the sole duty of the defendant towards the plaintiff under the circumstances of the case, was to so conduct and manage its car as not to negligently injure him or his horse and buggy as he was prudently and carefully passing along the highway, and that the correlative right of plaintiff 'under those circumstances was that the defendant should perform that duty, a violation of which constituted but a single cause of action.
The first branch of the motion is overruled. I believe, however, that defendant is entitled to be informed as to the items of damages, and the second branch is sustained.
Dillon, J.
Having heretofore rendered the opinion in Stillman v. Railway Co., I have read the very exhaustive opinion of my'brother Kinkead with great interest and must defer to the logic and authorities which his painstaking research has produced. While no prejudice could arise by an order of the court refusing to consolidate two such causes of action as in Stillman v. Railway Co., above referred to, the principle is important in view of the possibility of bringing successive actions .growing out of the single delict. That the view entertained by the foregoing opinion, therefore, aside from its purely legal phase, gives a practical and sensible solution of the subject, lends added force to the view entertained and in which I am pleased to concur.