done in this case. It is usual for the person having the profits of a sale to bear the burden of such losses as are incidental to a rejection of the property sold. Plaintiff has entirely failed to show a sale to McDonnell, and consequently cannot look to him to recoup his loss. What the plaintiff's rights are as to the city, we need not discuss or determine. The city is not a party to this action. It is sufficient for the purposes of this case to say that the defendant did not agree to buy the tone, and that his contract with the plaintiff was merely to transfer the stone and set it in place, as alleged in the answer and found by the trial court.

Counsel for appellant does not specify in his brief that any items of the counterclaim as found and allowed by the trial court for removing and piling up the rejected stone were erroneously decided. We assume, therefore, in the absence of such specifications, which are required by rule 12 (74 N. W. Rep. viii) of the revised rules of this court, that the items were correctly found. The entire argument of appellant's counsel goes to the character of the contract.

Having reached the conclusion that the defendant did not buy the stone, but that the contract was merely one of employment, it follows that the judgment of the trial court must be affirmed, and it is so ordered. All concur.

(*92* N. W. Rep. 482.)

---

•

## O. P. NOKKEN *vs.* AVERY MANUEACTURING COMPANY.

### Negligence—Not Error to Submit Question to Jury.

It is *held*, in an action to recover damages caused by the alleged negligent blowing of a whistle on defendant's threshing engine, that the jury did not act capriciously or arbitrarily in rejecting the testimony of the defendant's engineer, who testified that he did not blow the whistle, in view of other evidence in the case tending to contradict him, and that the court did not err in submitting the question of the defendant's negligence to the jury.

### Pleading—Damages Allegation of a General Sum Sufficient.

In an action to recover damages for injuries caused by a single act of negligence, it is not necessary to allege in the complaint the separate items of damage resulting therefrom. It is sufficient to allege a general sum, without specifying the particular items.

### Evidence—Sufficiency, Test of.

The sufficiency of the evidence to sustain an item of damage sought to be recovered is not properly raised by a motion to strike out the evidence as to such item, and it is not error to refuse to strike out the evidence when it is competent. The test of the sufficiency of the evidence to sustain an item of damage should be presented to the court by a request that the jury be directed to disregard the particular item of damage. Kolka v. Jones, 6. N. D. 461, 71 N. W. Rep. 558, 66 Am. St. Rep. 615, followed.

Motion for New Trial.

It is *held* that the trial court did not err in denying defendant's motion for a new trial.

Appeal from. Ditsrict Court, Cass County; *Pollock,* J.

Action by O. P. Nokken against the Avery Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Turner & Lee,* for appellant.

*Morrill & Engerud,* for respondent.

YOUNG, J. This is an action to recover damages for injuries to plaintiff's person and property alleged to have been caused by defendant's negligence. The jury returned a verdict in favor of plaintiff in the sum of $600. The defendant made a motion for new trial, based upon alleged errors of law occurring at the trial, and upon the alleged insufficiency of the evidence to sustain the verdict. Defendant has appealed from the order overruling the motion.

Plaintiff, in stating his cause of action, alleges that for a number of years the defendant has been engaged in handling farm and other machinery in the city of Fargo, and that its place of business is on the south side of Northern Pacific avenue, in said city; that on the 16th day of July, 1901, the defendant had a threshing machnie and engine in operation at its said place of business near said avenue; that it operated the same in a careless and negligent manner, making a great and unnecessary noise in letting off steam, and blowing the whistle of the engine in such a manner as was calculated to frighten horses of ordinary gentleness; that the street was partially torn up at a point opposite defendant's place of business, so that it was necessary for teams to pass close to the threshing machine and engine; "that on said date, and while said defendant was running and operating said threshing machine and engine in a careless and negligent manner, as aforesaid, plaintiff, without any knowledge on his part of what defendant was doing, drove along said Northern Pacific avenue with two horses properly harnessed to a wagon, said horses both being of ordinary gentleness and roadworthiness; that as plaintiff, in driving as aforesaid, reached a point on said avenue directly opposite defendant's said engine and threshing machine, the defendant negligently and carelessly caused the whistle to be blown with a loud and unnecessary noise, causing plaintiff's horses to become frightened and unmanageable, and plaintiff was thereby violently thrown from the wagon, and in their fright said horses were badly injured and the wagon broken; that, by reason of being thrown from the wagon as aforesaid, plaintiff was badly injured, and caused to suffer great pain and anguish, and was made sick, sore and lame, and permanently injured in his body, head, hands, legs, and nervous system, and was thereby rendered unable to attend to his business for a period of over two months, and was put to great expense for medical attendance and nurse

hire; that by reason thereof the plaintiff has been damaged in the sum of two thousand dollars."

With the exceptions to be hereafter noted, it is not claimed. on this appeal that the facts thus alleged are not sustained by the evidence. For the purposes of this appeal, they may therefore be taken as true, except in those particulars which we will hereafter consider. It is contended in the first place that "there is no evidence tending to connect the defendant with the blowing of the whistle." Defendant moved for a directed verdict on this ground, and the same was overruled. This is assigned as error. In our opinion, error was not committed in this ruling. The fact is not controverted that it was the whistling of defendant's engine which frightened plaintiff's team, and caused the injuries to his person and property for which he sues. It is also an undisputed fact in the case that the engine was steamed up on the day in question under the direction of the defendant. I. J. Haug, the defendant's managing agent at Fargo, testified that there was an excursion on that day to the Agricultural College; that his company had the engine fired up, and were operating it about 16 feet from the sidewalk. He also testified that a number of other dealers in threshing machines had rigs steamed up and running in front of their places of business for exhibition purposes. He says: "I think these excursions had been coming to Fargo for some time before that, and there had been a fire festival, and all these different companies had their engines steamed up at the time of the fire festival; and during the fire festival we all tried to whistle the most we could, because the one that whistled the most drew the crowd, and we had our machine on inspection, and, as our machine is new in North Dakota, we wanted to draw attention to it. On the day of the accident I do not know who blew the whistle. A man named Peter Sandstrom was our engineer that day. I did not pay any attention to the whistle. The first I knew of the accident was when I was called out there, and the chief of police told me they were blowing the whistle, and for me to stop them." Anfin Monson, a witness for plaintiff, testified that he saw the plaintiff's team run away, and heard the whistle blow, "and heard it blow at different times before that." Swan Johnson, a policeman, a witness for plaintiff, testified that he did not see plaintiff at the time of the runaway, but did see him after the injury. He says: "I do not remember how long the defendant operated this engine that day, but they were around there working at different times. The whistle blew off and on." R. M. Pollock, a witness for plaintiff, testified that he was driving on Northern Pacific avenue, and almost opposite the engine in question, when the runaway occurred. He says: "A very sharp, shrill whistle was blown from a threshing engine that stood there, and plaintiff's team sprang forward. The whistle blew again, twice of three times. The whistle came from a threshing machine that stood on the south

side of the avenue, pretty close up to the sidewalk. I saw a man standing on something next to the engine, or something attached to it like a platform. He was facing south, with his back to the north, next to me, and facing the engine. I do not know that he was the man who blew the whistle. I did not see him doing anything, but I saw no other man at the engine. The whistle was a long, sharp scream. It was not a long-continued whistle. It was very loud and very sharp, but not prolonged. My recollection is, the accident occurred just before or just after 12 o'clock." Peter Sandstrom, who is referred to in the testimony of the defendant's manager, above quoted, testified in behalf of the defendant as follows: "I run the engine all day. * * * I did not blow the whistle on the engine during the day; never touched it. * * * It had no string on it, and in order to blow it, one would have to crawl up on the side of the engine. It could not be blown by a person standing on the platform." This witness also testified that he shut the engine down and went to dinner about noon, first going to Moorhead, and that as he returned he saw the broken wagon. The contention of the defendant is that the testimony of Peter Sandstrom, the engineer, shows conclusively that the whistle was not blown by the defendant, or any of its agents, servants, or employes. It is evident that the jury rejected the testimony of this witness. Counsel for defendant contend that no proper grounds existed which would authorize the rejection of his testimony. The rule is, no doubt, as counsel contend, that a jury has no right to capriciously or arbitrarily reject the testimony of witnesses who are in no way impeached or discredited. 3 Jones, Ev. 904; *Newton* v. *Pope,* 1 Cow. 109; *Lamb* v. *Transportation Co.,* 46 N. Y. 271, 7 Am. Rep. 327; *Elwood* v. *Telegraph Co.,* 45 N. Y. 549, 6 Am. Rep. 140. The discrediting of Sandstrom's testimony, in our opinion, was not, however, arbitrary or capricious. There is evidence in the case, given by a number of other witnesses, who are disinterested, flatly contradicting his testimony. For instance, several witnesses testified that the whistle was blown at different times during the day. The testimony of R. M. Pollock is to the effect that it was blown while a man was standing upon the platform, whereas Sandstrom's testimony is to the effect that it could not be blown by a man standing in that position, and that it would not blow unless pulled by some one. In view of this conflict, it is apparent that the testimony was not rejected capriciously, and that there is evidence fairly tending to connect the defendant with the blowing of the whistle which caused the injuries. The motion for a directed verdict was therefore properly overruled.

It is next urged as grounds for new trial that the court erred in admitting evidence over defendant's objection as to the extent of the injury to plaintiff's wagon and to his team, and as to the doctor's bill, and in refusing to strike such evidence from the record. Eight of the assignments of error relate to these rulings. In our opinion, no error was committed in the rulings complained of. Counsel's ob-

jection to the evidence as to these items is that "there is no allegation in the complaint as to these damages." The allegations of the complaint are sufficient to authorize the introduction of evidence on these elements of damage. The complaint, after alleging defendant's negligence, sets out the items of injury proximately resulting therefrom, viz., injury to his person; the incurring of expense for medical attendance; injuries to his team and wagon. It is true, the complaint does not state separate sums as items of damage resulting from the defendant's alleged negligence, but this was not necessary. The injury to plaintiff's person and property occurred at the same time, and was the result of the same act of negligence, and constituted but one cause of action. In such cases it is sufficient to allege a general sum as damages, without specifying the separate items or elements which enter in to make up the sum total of damages. *Shepard* v. *Pratt,* 16 Kan. 209; *Montgomery* v. *Locke* (Cal.) 11 Pac. Rep. 874; *Stickford* v. *City of St. Louis,* 7 Mo. App. 217; *Binicker* v. *Railroad Co.,* 83 Mo. 660; *Lamb* v. *Railway Co.,* 33 Mo. App. 489; *Von Fragstein* v. *Windler,* 2 Mo. App. 598; *Dooley* v. *Railway Co.,* 36 Mo. App. 382; *Hoffman* v. *Dickinson,* 31 W. Va. 142, 6 S. E. Rep. 53; Suth. Dam. § 424.

It is also urged that the testimony is insufficient to sustain these items of damage. The reason urged by appellant's counsel in their brief is "that there is no sufficient proof as to what such damages were, for the reason that the proof does not show that the amounts testified to were reasonable, or that the repairs were necessary, or that the doctor's bills were reasonably worth the amount charged or testified to, and that there is no proof that said bills were paid." The question as to the sufficiency of the evidence to sustain these three items was not presented to the trial court, and is not involved in the errors assigned in this court. The plaintiff testified to the amount of his doctor's bill, the amount of the bill for repairing his wagon, and the amount of the injuries to his team. No objection to the evidence was made upon the ground now attempted to be urged. It is true, a motion was made to strike the evidence from the records. This motion was properly overruled. The evidence was competent. No request was made to the court to instruct the jury to disregard these separate items. The rule laid down by this court in *Kolka* v. *Jones,* 6 N. D. 461, 71 N. W. Rep. 558, 66 Am. St. Rep. 615, is that: "Where evidence is competent so far as it goes, but is not sufficient to establish a case or a right to certain damages, it is not error to refuse to strike out such evidence. The party should ask for a directed verdict, or move the court to charge the jury that the plaintiff has failed to make out a case, or to establish a right to recover the particular damages, as the case may be."

It is also contended that the trial judge expressed a belief, in certain instructions to the jury, which were excepted to, that the defendant caused the whistle to be blown. We have examined the instructions referred to, and find no foundation in their language for any such criticism.

This covers all the assignments which have been argued. No reasons or authorities having been presented in support of the remaining assignments, they are, therefore, under rule 15 of the revised rules of this court (74 N. W. Rep. x), deemed to be abandoned.

Finding no error in the record, the order appealed from will be affirmed, and it is so ordered. All concur.