FRANK H. WALKER, ROBERT L. WALKER, A. CURTIS WAL-
KER AND J. FREDERICK WALKER, FOR THE USE OF M. V.
PATRICK, PLAINTIFFS IN ERROR, v. D. J. LEE, DEFENDANT
IN ERROR.

1. If the description of the land conveyed in a deed is such
   that a surveyor, by applying the rules of surveying, can
   locate the same, such description is sufficient, and the deed
   will be sustained, if it is possible from the whole descrip-
   tion to ascertain and identify the land intended to be con-
   veyed.

2. An objection to the admissibility of a deed in evidence on
   the ground "that the description of the premises conveyed
   by said deed was so vague and uncertain as to render such
   description void," should be overruled, unless such descrip-
   tion is so vague, indefinite and uncertain as to render it
   nugatory and therefore void on its face. To render such
   deed inadmissible it must be apparent on its face that the
   land intended to be conveyed therein could not be identified
   and located.

3. A motion to strike out a deed from the evidence "upon the
   ground that the description of said deed was so indefinite
   and uncertain as not to describe any land and to be void,
   and upon the further ground that the surveyor could not
   take the deed and locate the land, as shown by the tes-
   timony of said Smith," a witness for defendant, at whose
   instance the deed had been introduced in evidence, over the
   objections of plaintiffs, is properly overruled, when the
   description is not void upon its face and the defendant
   had not introduced all of his evidence.

4. Where a deed has been admitted in evidence, over the ob-
   jections of plaintiffs, and subsequently thereto even though
   plaintiffs may have established by the defendant's wit-
   nesses that the land described in the deed could not be
   identified or located, that did not entitle the plaintiffs as
   a matter of right to have the deed stricken out on motion,
   their remedy being to ask for appropriate instructions

from the court to the jury concerning the effect of the deed as evidence, though the Court might, in the exercise of its judicial discretion, grant the motion to strike it out.

5.  A motion to strike out evidence that has been introduced in a cause must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself.  Where evidence has been introduced by a party, whether plaintiff or defendant, that in itself is pertinent, relevant, legal and proper so far as it goes, but which, in the conception of the opposite party, falls short, for the want of proof of other necessary facts, the proper practice for such party is to ask for appropriate instructions from the court to the jury.

6.  Where error is predicated upon the giving of an instruction to the jury upon the sole ground that "there was no evidence upon which to justify it in several different points," no attack being made on the instruction on the ground that it did not set forth the law correctly in the abstract, or that it invaded the  province of the jury  intrenching upon the facts, or that it was erroneous in any particular save in the one named, and we find that there was evidence to warrant the instruction, though there was much conflict therein, no error was committed in giving the instruction.

7.  Evidence examined and found sufficient to support the verdict.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

*Benj. S. Liddon,* for Plaintiffs in Error.

No appearance for Defendant in Error.

SHACKLEFORD, C. J.    This is an action of ejectment in-
stituted by the plaintiffs in error against the defendant
in error in the Circuit Court in and for Jackson County
to recover possession of the East half of Lot 2, Section 35,
Township 7 North, Range 8 West, containing forty acres,
more or less, and for mesne profits.    The defendant filed
a plea of disclaimer except as to so much as is included in
the following metes and bounds, to-wit:    "Beginning at a
point 27 chains and 15 links East of Southwest corner of
fractional Section 26, thence South  along an old  head
road 19 chains and 64 links, thence East 12 chains and 66
links, thence North 6 chains, thence North 30 degrees East
2 chains and 10 links, thence North 10 degrees East 11
chains and 42 links, thence North 22  degrees  West  54
links, thence West 15 chains and 57 links to point of be-
ginning, being 27.83 acres," and as to this a plea of not
guilty was filed.  Plaintiffs admitted  the plea of  dis-
claimer to be true and joined issue upon the plea of not
guilty.   A trial was had which resulted in a verdict and
judgment for the defendant as to the   portion   litigated.
This judgment the plaintiffs seek to  have reversed  here
upon writ of error, returnable to the present term.   Both
M. V. Patrick, for whose use the action was brought by
plaintiffs, and who is the real plaintiff, and the defendant
claim title through a common source,  that is  through
deeds from Frank H. Walker *et al.,* the real question to
be determined being as to which title so derived from the
same source was paramount.

The first assignment is that "the court erred in admit-
ting in evidence a deed of Frank H. Walker *et al.* to D. J.
Lee."

Turning to the bill of  exceptions, we find  that  the
ground of objection urged against the introduction of this
deed in evidence was "that the description of the premises

conveyed by said deed was so vague and uncertain as to render such description void," which objection was over-ruled by the court and the deed admitted in evidence.

The description of the land conveyed by the deed was as follows: "One lot, strip, piece or parcel of land lying and being situate in the Northeast corner of the Walker plantation, adjoining a few feet the Chattahoochee River, containing about twenty-five (25) acres approximately, and more minutely described by metes and bounds as fol-lows: Bounded on the north by Neals Ldg. or lands of D. J. Lee; on the East by Chattahoochee River and lands of Frank H. Walker & R. L. Walker; on the South by lands of Frank H. Walker & R. L. Walker and C. C. Lid-don; and on the West by lands of Tom Bell, all of which is lying and being, situated in the aforesaid State and County."

As we said in Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656, "While it is true that if the description of the land conveyed in a deed is such that a surveyor by applying the rules of surveying, can locate the same, such description is sufficient, and the deed will be sustained, if it is possible, from the whole description, to ascertain and identify the land intended to be conveyed, it is also true that the description must be sufficiently definite and certain to enable the land to be identified; otherwise it will be held void for uncertainty." Also see Commyns v. Latimer, 2 Fla. 71; Bellamy v. Bellamy's Adm'r., 6 Fla. 62; Campbell v. Carruth, 32 Fla. 264, 13 South. Rep. 432; Buesing v. Forbes, 33 Fla. 495, 15 South. Rep. 209; Delvin on Deeds (2nd ed.), Secs. 1010 to 1014 inclusive, and nu-merous authorities cited in notes; Warville on Ejectment, Sec. 292.

The description of the land in the deed in question is not so vague, indefinite and uncertain as to render it nug-

atory and therefore void on its face. It is not apparent that the land intended to be conveyed could not be identified and located. We are clear that no error was committed in admitting the deed in evidence.

The second assignment is that "the court erred in refusing to strike out, upon motion of the plaintiff, the deed of F. H. Walker *et al.* to D. J. Lee."

We find that the defendant introduced as a witness in his behalf L. H. Smith, who testified, among other things, that he was a farmer and surveyor; that he had surveyed the land twice during the year 1904, at the instance of the defendant, and he identified the plat and memorandum of the survey made by him, which were admitted in evidence, the description of the land thereon being the same as that set forth in the plea of disclaimer filed by the defendant as to which he claimed the title; that he could not identify the land he surveyed as being the land described in the deed to defendant, which had been objected to by plaintiffs, but which the Court had admitted, and neither could he say that the land which he surveyed was included in the land described in the declaration of plaintiffs; that the survey was made strictly under the direction of the defendant, who gave him the starting point and told him where to start and each line to run and where to run to; that he did not know that the lands he surveyed were bounded by the lands of C. C. Liddon, D. J. Lee, Frank H. Walker, R. L. Walker and Tom Bell and did not know where the lands of any of these parties were located, but did know the location of Neal's Landing, which was nearly a half mile from the lands he surveyed; that he could not take the deed to defendant and find the land described therein unless he knew where the lines of the parties described therein as owning lands bounding the land described in the deed were located, but that if he

knew these lines he could locate the land in the deed; that the nearest point of the land he surveyed to the Chattahoochee River was the N. E. corner thereof, which was fully 50 yards from the river; that he made two surveys because he made an error in the first one. We see nothing to be accomplished by setting forth the other portions of his testimony, even in a condensed form, as they shed no further light upon the assignment we are now considering.

At the close of the testimony of this witness the plaintiffs moved the court to strike out the deed to the defendant, which had been admitted in evidence over their objection, "upon the ground that the description of said deed was so indefinite and uncertain as not to describe any land and to be void, and upon the further ground that the surveyor could not take the deed and locate the land, as shown by the testimony of said Smith," which objection was overruled by the court.

In passing upon this assignment we are confronted with the question as to whether or not a motion to strike out the deed in question, which had previously been admitted in evidence, over the objection of plaintiffs, would lie. The court had already passed upon the first ground of the motion in ruling upon the objection of plaintiffs to the admission of the deed in evidence, holding that the description of the land in the deed was not void upon its face. Even if we assume that plaintiffs had subsequently established by the testimony of defendant's witness that the land described in the deed could not be identified or located, did that entitle the plaintiffs, as a matter of right, to have it stricken out on motion? While there is some conflict upon this point, the weight of authority seems to be to the effect that the plaintiffs have no such

25 S. C.

right, their remedy being to ask for appropriate instructions from the court to the jury concerning the effect of the deed as evidence, though the court might, in the exercise of its judicial discretion, grant the motion to strike it out.   See Abbott's Trial Brief, Civil Jury Trials, (2nd ed.) 291; Kolka v. Jones, 6 N. D. 461, text 479, 71 N. W. Rep. 558, S. C. 66 Am. St. Rep. 615; 1 Thompson's Trials, Sec. 715 et seq.; Gawtry v. Doane, 51 N. Y. 84, text 90.

However, in the instant case, at the time the motion to strike out the deed was made, the defendant had not introduced all of his evidence, as we find from the bill of exceptions.   The most, then, that the plaintiffs could claim in support of their motion was that the description in the deed itself did not sufficiently locate and describe the land, and neither did the testimony of the defendant's witness, Smith.   This being true, the motion to strike out the deed was properly denied, as the court could not know what further evidence the defendant would introduce. As was said by this court in Wilcox v. Stephenson, 30 Fla. 377, 11 South. Rep. 659, "A motion to 'strike out' evidence that has been introduced in a cause must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility, or impertinency in the evidence itself that is struck at.   Where evidence has been introduced for a plaintiff that in itself is pertinent, relevant, legal and proper so far as it goes towards making out the plaintiff's case, but which, in the conception of the opposite party, falls short, for the want of proof of other necessary facts, of making out the plaintiff's case, the proper practice is either, to get an instruction from the court to the jury to the effect that no recovery can be had without proof of the missing facts, or else by a demurrer to the evidence."   Also see 22 Ency. of Pl. & Pr. 1314; 2 Elliott's Evidence, Sec. 891; Kolka v. Jones, *supra;*

Nokken v. Avery Mfg Co., 11 N. D. 399, 92 N. W. Rep. 487.

We have held that where a tax deed, which is made *prima facie* evidence by statute, has been admitted in evidence, and afterward shown to be incompetent or invalid for any reason, that it was not the proper practice to move to strike the deed but to ask appropriate instructions from the court. See Daniel v. Taylor, 33 Fla. 636, text 654, 15 South. Rep. 313; Ellis v. Clark, 39 Fla. 714, 23 South. Rep. 410; Ropes v. Minshew, 47 Fla. 212, 36 South. Rep. 579. In Ayer v. Dillard, 45 Fla. 179, 33 South. Rep. 714, we held that the trial court should have granted the motion to strike out a tax deed admitted in evidence, which deed the statute had not made *prima facie* evidence, but in that case the motion was made by the plaintiff at the close of all the defendant's evidence and this court held that proof of such a deed alone was not sufficient to prove title in the grantee, no proof having been introduced of the regularity of the anterior proceedings leading up to the sale of the land for taxes. Quite a different question was presented in that case from the one before us for consideration in the instant case. This error is not well assigned. We might call attention to the further fact that, even if a motion to strike out had been the proper practice, no such showing was made as would have warranted the court in granting such a motion, as it was not made to appear by the testimony of the witness, Smith, that the land described in the deed could not be located or identified, only that in order to do so the lines of the lands described as bounding the land in question would first have to be ascertained, which lines witness did not know but if he did that he could locate the land.

The third assignment is as follows: "The court erred in charging the jury as follows: 'If you find from the evidence that there is a piece or parcel of land situated in

the North-east corner of a plantation in Jackson County, Florida, known as the Walker plantation, adjoining a few feet a river known as the Chattahoochee River, containing approximately twenty-five (25) acres, that said parcel is bounded on the North by Neal's Landing, or lands of D. J. Lee; on the East by the Chattahoochee River and lands of Frank H. Walker and R. L. Walker; on the North by lands of Frank H. Walker and R. L. Walker and C. C. Liddon; and on the West by lands of Tom Bell; that said parcel is the identical parcel as to which the defendant is defending by his plea of not guilty in this case, and should find that the deed of conveyance from the Walkers to defendant, purporting to convey said parcel, was executed prior to the month of June, 1904, that the defendant entered into possession of said parcel, cultivated it and held it under a substantial enclosure during the year 1904, and at the time the deeds from the Walkers to Tindell and from the Walkers and Tindell to the plaintiff were executed and delivered, then you should find for the defendant even though the conveyance from the Walkers to the defendant was not placed upon the record until long after the conveyance to Tindell and the conveyance to the plaintiff by Tindell and the Walkers were executed. It is not essential that a deed to be valid should describe lands by sections, townships, and ranges, provided the description given be definite and certain as to the particular land intended to be conveyed can be ascertained and identified with certainty by means of the description given."

The only attack made upon this instruction is that "the court erred in giving this instruction because there was no evidence upon which to justify it in several different points," which points plaintiffs have endeavored to point out to us in their brief. We have carefully examined not only the evidence pointed out to us by plaintiffs but the

entire evidence and we are of the opinion that, while there is much conflict therein, there is evidence to warrant the instruction given.   It is not claimed that the instruction does not set forth the law correctly in the abstract, or that it invades the   province of the   jury   in trenching upon the facts, or that it was erroneous in any particular save in the one named.   We see no useful purpose to be accomplished by setting   forth the   evidence, therefore content ourselves with the   simple   announcement that no error has been made to appear to us therein.

The fourth and last assignment is that "the court erred in overruling plaintiffs' motion for a new trial."

In considering the other assignments we have already passed upon all the grounds of this motion, except those which question the sufficiency of the evidence to support the verdict.   We have also had occasion to state that the evidence was conflicting.   We cannot do better than to repeat the language of Chief Justice Anderson in Carter v. Bennett, 4 Fla. 283, text 356, which was quoted and approved by Chief Justice DuPont in Bridier v. Yulee, 9 Fla. 481, text 485:   "Every one at all familiar with the incidents of a jury trial, must admit the impossibility of conveying to an appellate tribunal a perfect transcript of the evidence given to a jury.   The tongue of the witness is not the only organ for conveying testimony to the jury; but yet it is only the *words* of a witness that can be transmitted to the reviewing Court, while the story that is told by the manner, by the tone, and by the eye of the witness, must be lost to all but those to whom it is told.   The testimony of one witness, given with calm self-possession, an erect front, and an unhesitating accent, imports verity as strongly as a record, while the confusion, the hesitation, and trembling of another, will contradict to the eye what

his faltering tongue has uttered to the ear. Yet the testimony of each will stand alike before a court of review."

We must follow the settled practice of this court and refuse to disturb the verdict, concurred in as it was by the trial judge.

No error is assigned upon the refusal of the court to give any instruction requested by the plaintiffs.

The judgment must be affirmed, and it is so ordered, at the cost of the plaintiffs in error.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.