THE BORDEN LUMBER COMPANY, INC., A CORPORATION, *Plaintiff in Error*, v. SOUTH ATLANTIC DRY DOCK COMPANY, A CORPORATION, *Defendant in Error*.

### Division B.

### Opinion Filed August 1, 1924.

### Petition for Rehearing Denied October 2, 1924.

1. Assumpsit lies for the recovery of damages for the non-performance of a parol or simple contract. The amount claimed

need not be liquidated, nor does it require a contract under seal to support it. The gist of the action is a promise or undertaking on the part of the defendant either expressly made by him, or implied by the law from his actions, and the declaration need not declare on a special contract, but is sufficient if in general terms it recite the promise, the breach thereof together with the consideration.

2. Where evidence has been introduced for a plaintiff that in itself is pertinent, relevant, legal and proper so far as it goes towards making out the plaintiff's case, but which, in the conception of the opposite party, falls short, for the want of proof of other necessary facts, of making out the plaintiff's case, the proper practice is either to get an instruction from the court to the effect that no recovery can be had without proof of the missing facts, or else by a demurrer to the evidence.

A Writ of Error to the Circuit Court for Duval County, Daniel A. Simmons, Judge.

Judgment reversed.

*George C. Bedell*, for Plaintiff in Error;

*John W. Dodge*, for Defendant in Error.

TERRELL, J.—Borden Lumber Company, Inc., sued South Atlantic Dry Dock Company, upon an indebitatus count for work done by the plaintiff as a broker and otherwise for the defendant at its request, and for commission and reward due from the defendant to the plaintiff in respect thereof. The case went to trial upon the defendant's plea of "never was indebted as alleged."

Plaintiff offered in evidence the following letter:

"Jacksonville, Fla.
August 9th, 1920.

Borden Lumber Co.,
City.
Gentlemen:

As a matter of record for your files, we wish to advise that we have closed a contract with the R. F. Houston Co., for ten scow lighters at $9,000. each. According to our agreement, upon final payment to us you will be entitled to five per cent of this contract.

Thanking you for your kind assistance, and assuring you of our appreciation, We are,

Very truly yours,
SOUTH ATLANTIC DRY DOCK CO.
By LeRoy L. Walter,
W-A                    Pres."

It was stipulated by attorneys for both parties hereto that LeRoy L. Walter, whose name was signed to said letter, was President of Defendant Company; that he wrote said letter as per date indicated thereon, while he was President thereof, and that final payment mentioned in said letter was made prior to the institution of this suit.

The introduction of the letter in evidence was objected to on the following grounds: (1) There is no evidence showing what the agreement mention in the letter was. (2) There is no evidence showing the contract or nature of the contract referred to in the letter. (3) The said letter is admissible in evidence only after the establishment of some evidence of liability as charged in the declaration. The letter was excluded by the trial court, and its exclusion is the sole error assigned.

Assumpsit, to which class this action belongs, lies for the recovery of damages for the non-performance of a

parole or simple contract. The amount claimed need not be liquidated, nor does it require a contract ·under seal to support it. The gist of the action is a promise or undertaking on the part of the defendant either expressly made by him, or implied by the law from his actions, and the declaration need not declare on a special contract, but is sufficient if in general terms it recite the promise, the breach thereof together with the consideration.

No question is raised as to the sufficiency of the declaration. The letter which was excluded shows on its face that plaintiff had rendered service to the defendant; that there was an agreement between plaintiff and defendant whereby plaintiff was entitled to five per cent. of the contract with R. F. Houston Co. for ten scow lighters at $9,000. each upon final payment to defendant. It seems to us that on the issue presented the excluded letter was pertinent, relevant, legal and proper, and its exclusion was reversible error.

The rule governing the practice in cases like this is well stated in Walker v. Lee, 51 Fla. 360, text 366, 40 South. Rep. 881, where the court said: ''Where evidence has been introduced for a plaintiff that in itself is pertinent, relevant, legal and proper so far as it goes towards making out the plaintiff's case, but which, in the conception of the opposite party, falls short, for the want of proof of other necessary facts, of making out the plaintiff's case, the proper practice is either, to get an instruction from the court to the jury to the effect that no recovery can be had without proof of the missing facts, or else by a demurrer to the evidence.'' Wilson v. Johnson, 51 Fla. 370, text 373, 41 South. Rep. 395; Atlantic Coast Line R. Co. v. Partridge, 58 Fla. 153, text 156, 50 South. Rep. 634; 22 Ency. Pl. & Pr. 1314; Kolka v. Jones, 6 N. D. 461, text 479, 71 N. W. Rep. 558, 66 Am. Rep.

615; Nokken v. Avery Mfg. Co., 11 N. D. 399, 92 N. W. Rep. 487.

For reasons so announced the judgment below is reversed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.