PEPLAX MEDICINE COMPANY, A CORPORATION, *Plaintiff in Error*, v. TAMPA DRUG COMPANY, A CORPORATION, *Defendant in Error*.

Division B.

Opinion Filed December 17, 1924.

Petition for Rehearing Denied January 27, 1925.

1. Oral representations made by an agent weeks prior to the date of a written order which was accepted and filed are

474        SUPREME COURT OF FLORIDA.

without effect to vary or modify the complete written con-
tract.

2. No rule of substantive law is better settled than that which
   declares that extrinsic or parol evidence is inadmissible to
   contradict, substract from, add to or vary a valid written
   instrument.

3. Written orders coupled with acceptance and delivery im-
   port a complete legal obligation with no uncertainty as to
   the object or extent of the obligation between the parties,
   and there being no proof that such obligation was induced
   by fraud, accident or mistake, it is conclusively presumed
   that the contract was complete.

A Writ of Error to the Circuit Court for Hillsborough
County; F. M. Robles, Judge.

Judgment reversed.

*Shackleford & Shackleford,* of Tampa, and *Stickley &
Fitzhugh,* of Memphis, Tenn., for Plaintiff in Error.

*Mabry, Reaves & Carlton,* of Tampa, for Defendant in
Error.

PER CURIAM.—Peplax Medicine Company, a Tennessee
corporation, sued Tampa Drug Company, a Florida corpor-
ation, in a civil action for $12,000.00 damages.   Verdict
and judgment for defendant resulted, and the plaintiff
took writ of error.

Perplax Medicine Company was manufacturer and dis-
tributor of a patent medicine called "pepsinol."   Tampa
Drug Company was its general sales agent for this State,
and purchased from the plaintiff by written orders a cer-
tain amount of pepsinol, such written orders being the
basis of this suit.

On behalf of the plaintiff there was a replication filed to the seventh, eighth and ninth pleas to the declaration of the defendant. The theory of the replication is that the written orders for pepsinol coupled with delivery constitute a complete written contract, and that parole evidence cannot be introduced to vary or contradict its terms. Demurrer to the replication was sustained as to the ninth plea.

The order of the court sustaining the demurrer to the replication as to the ninth plea and the admission of testimony over the objection of the plaintiff, which had the effect of varying the terms of the written orders for pepsinol, are all the assignments necessary to be considered in this connection. These two assignments are numbered 5 and 8 in the transcript, and are resolved by a determination of whether or not the written orders for pepsinol coupled with acceptance and delivery of the goods ordered constitute a complete written contract.

The written orders for pepsinol are as follows:

"Order No.                Feb. 12th                1920

PEPLAX MEDICINE COMPANY
Memphis, Tenn.

Send to Tampa Drug Co.,
P. O. Tampa, Fla.                              State Fla.
Ship. Pt. ..............When..............
Ship via Express.
Jobber                              Terms 1-2 30 das.
25 Gro. Pepsinol, $115.20.
Gro. less 16 2/3%.

Feb. 23, 1920.                           No. 1517.

There is no agreement other than specified in writing.

Signed Tampa Drug Co., Buyer.
Signed Copp, Salesman."


"Order No........................19......

### PEPLAX MEDICINE COMPANY
### Memphis, Tenn.

Send to Tampa Drug Co.,

P. O. Tampa                    State Fla.

Ship. Pt. ...................When.................

Ship via .................................. No. 1441

Jobber        Feb. 9, 1920        1440        Terms 30 days.

25 Gro. Pepsinol, $115.20.

Gro. Less 16 2/3 %.

10 Gross by express.

15   "   "   freight.

15   "   2% 60 das.


There is no agreement other than specified in writing.

Signed Tampa Drug Co., Buyer.
Signed Copp, Salesman.

"Order No. Feb. 24th 1920

## PEPLAX MEDICINE COMPANY
### Memphis, Tenn.

Send to Tampa Drug Co.

P. O. Tampa State Fla.

Ship. Pt. ..................... When ............

Ship via .....................

Jobber ....................... Terms ...........;

50 Gro. Pepsinol, $115.20

Payment as follows:

½ April 1st.

½ May 1st.

    Mar. 3—1920. No. 1531

There is no agreement other than specified in writing.

Signed Tampa Drug Co., Buyer.

Signed Copp, Salesman."

Copp was the agent of the buyer, the Tampa Drug Company.

We are of the opinion that when these orders were accepted by the plaintiff and delivery made under them, they comprised all the elements of, and were a complete binding contract. They were the repository and evidence of the final intention of the parties thereto. There were parties capable of contracting, terms and assent thereto on the part of both parties were stated and all "agreements other than specified in writing" are precluded.

It is contended by defendant that these orders were given on the strength of representations by plaintiff to the effect

that plaintitff would put on an advertising campaign sufficient to move the pepsinol. No specifications were stated
as to the extent of the advertising campaign, the representations with reference thereto were made verbally by plaintiff's salesman weeks prior to the date of the written orders
and are therefore without effect to vary or modify the
written memorials of a complete contract. The record
shows that considerable advertising was actually done, and
since the orders were given weeks after it was alleged that
plaintiff agreed to put on the advertising campaign, the
presumption is that such advertising was being done satisfactory to defendant.

The books tell us that the parole evidence rule is in no
sense a rule of evidence, but it is a rule of substantive law.
Prof. Thayer in speaking on the subject says that ''few
things are darker or fuller of subtle difficulties.'' It is
not a single rule or rule for things parole only. It does
not embrace all the rules that concern either parol or writing, nor does it carry the assumption that a writing can
possess independently of the surrounding circumstances
any inherent status or efficacy. 5 Wigmore on Evidence,
par. 2400.

Withal this confusion and difficulty we think no rule of
substantive law is better settled than that which declares
that extrinsic or parol evidence is inadmissible to contradict, subtract from, add to or vary a valid written instrument. 10 R. C. L. par. 208, 1016 and cases cited; Perry
v. Woodberry, 26 Fla. 84, 7 South. Rep. 483; Milton v.
Burton, 79 Fla. 266, 84 South. Rep. 147; Inner Shoe Tire
Co. v. Treadway, 286 Fed. Rep. 838.

It is also contended by defendant that the written orders
were unilateral, that they were not signed by plaintiff and
that in other respects they indicate an incomplete transaction. The answer to this contention is that the orders were

accepted and filled by the plaintiff, and when so presented, accepted and filled, both parties thereto were put on notice that delivery of the goods would be and was made as per terms stated in these memorials of the completed instrument or final intentions of plaintiff and defendant.

We think the written orders for pepsinol coupled with acceptance and delivery import a complete legal obligation with no uncertainty as to the object or extent of the obligation between the parties, and there being no proof that such obligation was induced by fraud, accident or mistake, it is conclusively presumed that the contract was complete. Seitz v. Brewers' Refrigerating Mach. Co., 141 U. S. 510, 12 Sup. Ct. Rep. 46.

For reasons here stated the order sustaining the demurrer to the replication as to the ninth plea and the consequent admission of testimony over the objections of the plaintiff, which had the effect of varying the terms of the completed contract here described, was error, for which the judgment below must be and is hereby reversed.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.