EVERGLADE LUMBER CO. v. NETTLETON LUMBER CO.

149 So. 736.

Division A.

Opinion Filed July 8, 1933.

Rehearing Denied August 10, 1933.

334

*John L. Neeley, C. E. Farrington* and *Newman T. Miller,* for Plaintiff in Error;

*Patterson & Knight* and *Rogers & Morris,* for Defendant in Error.

DAVIS, C. J.—Nettleton Lumber Company, as plaintiff below, sued the Everglade Lumber Company, defendant

below, in an action on the common counts for goods bargained and sold and on account stated. Trial was had on a plea of the general issue. The jury found a verdict for the defendant. After the trial judge had granted plaintiff's motion for a new trial, a second trial was had and at that trial the judge directed a verdict for the plaintiff in the sum of $4571.58. The judgment entered on the directed verdict has been brought here for review on writ of error prosecuted by the defendant below.

Plaintiff below relied for recovery upon an alleged written order for the 101,007 feet of lumber for which recovery was sought. The evidence plaintiff offered was to the effect that W. B. Nettleton, president of the plaintiff corporation, went to the place of business of the defendant corporation at Fort Lauderdale, and sold on behalf of plaintiff certain lumber, as set forth in a written statement prepared at the time, setting forth a description of the lumber agreed to be purchased, and how the items of same should be paid for by the purchaser. Omitting items not material to the present case, the writing was in substance and in form as follows:

"Fort Lauderdale, Fla.,
2/9/26

Nettleton Lumber Co
  Seattle Wash

In Account With
EVERGLADE LUMBER COMPANY
Sam Gillian, Manager
Phone 75

Swing barge at least 6' off west end
dock.

(File AC 800)
Free delivery anywhere in the county on rock road—

1000 feet or more
Please ship us the following)
200 M ft. Shiplap 8' oup a 691)

&ast; &ast; &ast;

100 M ft. shiplap to be paid cash less 2% on net amount invoice with other items
100 M shiplap to be paid at your convenience

Everglade Lumber Co.
(Signed) Gillian"

It is the last item of one hundred thousand feet of shiplap lumber "to be paid at your convenience" together with a slight balance on the first lot, that constitutes the subject of the present suit.

Plaintiff brought his suit on the common counts on the theory that where a special contract has been fully performed, and nothing remains to be done but pay the money, a recovery may be had under the common counts at the plaintiff's election, the rule being that if the common counts are sued on to recover on an executed contract, the contract must regulate the amount of the recovery. The rule is well settled that plaintiff may thus sue for amounts due to be paid for the price of goods bargained, sold and delivered on a special contract. Pepla Medicine Co. v. Tampa Drug Co., 88 Fla. 473; 102 Sou. Rep. 632; Hazen v. Cobb, 96 Fla. 151, 117 So. 853; Smith v. Sharpe, 162 Ala. 433, 50 Sou. Rep. 381, 136 A. S. R. 52; Sands v. Potter, 165 Ill. 397, 46 N. E. 282, 56 A. S. R. 253; Jenney Electric Co. v. Branham, 145 Ind. 314, 41 N. E. 448, 33 L. R. A. 395.

On the same theory it has been held that a recovery may be had on the common counts, although there is a special contract, whenever, by breach of it, the plaintiff is entitled to recover a sum *in numero,* or which may be rendered certain by calculation. Borden Lumber Co. v. South Atlantic Dry Dock Co., 88 Fla. 166, 101 Sou. Rep. 846.

Therefore, plaintiff's suit on the common counts for the recovery of the contract purchase price of the lumber alleged to have been bargained, sold and delivered to the defendant was an appropriate means of enforcing the defendant's liability in the premises, although the effect of the plea of "never was indebted" filed to the declaration was to deny the bargain, and sale and the delivery or acceptance of the goods, in point of fact. Crandall's Florida Common Law Practice, page 225. So the result of the plaintiff's pleadings and its evidence in support thereof in this case was to affirm an issue on the part of the plaintiff, that plaintiff had entered into a written contract for the bargain and sale of certain lumber to the defendant, which lumber the plaintiff had actually sold and delivered to the defendant in full performance of the written bargain, while the effect of the defendant's pleading of the general issue was to deny either (1) that there had been any such bargain, (2) any such sale, (3) any such delivery by way of performance, or (4) any acceptance of the performance, actually or constructively, with reference to the goods whose purchase price was sued for.

It is obvious from the bill of exceptions that the trial judge directed a verdict for plaintiff on the strength of the rule laid down in Peplax Medicine Co. v. Tampa Drug Co., *supra,* to the effect that a written order, *coupled with acceptance and delivery* of the goods described in the written order, imports a complete legal obligation on the part of the purchaser to pay the stipulated purchase price, which with no uncertainty as to the object or extent of the obligation between the parties, is conclusively presumed to be a completed contract, as evidenced by the *executed* written order, and therefore such as not to be capable of being contradicted, subtracted from, added to, altered or varied, by parol evidence, in the absence of due allegation and proof

that the signing of the writing was induced by fraud, accident or mistake.

But in the present case, the issue was sharply raised at the trial, that there never had been any actual delivery, nor any actual acceptance by the defendant corporation, of the particular lumber specified in the written order or manifest relied upon for recovery by the plaintiff as on an *executed* contract in writing. Under an issue of the fact of delivery, or acceptance of the lumber, the circumstance in evidence of a written order signed by the representative of the defendant, and agreeing to purchase and pay for the lumber, did not legally preclude, under the parol evidence rule, a showing to the effect that the writing relied on had, at all times since the signing thereof, remained unexecuted. In the Peplax case, *supra*, (88 Fla. 473) the delivery and acceptance of the goods ordered was conceded, and the attempt there was to show a contemporaneous term or condition that should have been included in the writing, if intended to be relied on as a condition of the contract intended to be brought into existence by the fulfilling of the orders represented by the writings.

The basic principle underlying the so-called "parol evidence" rule respecting contracts in writing, is that the law presumes that the parties, by making a writing on the subject, intended the writing made, to be the sole expositor of their agreement. In cases of mere written orders for contemporaneous, or future, delivery of goods, signed only by the intended purchaser, but containing a statement of the terms and conditions of the proposed purchase with a description of the goods, the established or admitted execution of the written order is not to be deemed conclusive proof of any matter not essentially intended to be covered by the writing, such as the fact of delivery or acceptance of the goods ordered, delivery or acceptance of ordered

goods being presumptively something that is to happen simultaneously or subsequent to the making of the writing.

A unilateral order for simultaneous or future delivery of goods, signed by the purchaser alone, becomes a written contract between the parties within the parol-evidence rule, only after it has been executed and the goods described in it have been delivered and accepted by the purchaser in accordance with the written order. If, after acceptance of the written order by the seller, the purchaser who signed it refuses to accept the goods ordered, the breach of the contract so committed might entitle the seller to sue on the special contract itself, for the buyer's refusal to take delivery of the goods ordered. Such an action would not be on the common counts, which are only applicable where the contract has been executed, or its breach has entitled one of the parties to recover a consideration passed under it. See Hazen v. Cobb, *supra.*

The particular writing that formed the foundation of plaintiff's claim in this suit was not couched in such terms as to import on the face of the writing *alone,* a complete legal obligation based upon (1) bargain, (2) sale, (3) delivery and (4) acceptance, of the goods described in the writing. It is only when a writing is couched in terms which import a complete legal obligation, with no uncertainty as to object, or extent of engagement, that (in the absence of fraud, accident, or mistake) it is conclusively to be presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were embraced in the writing. Seitz v. Brewers Refrigerating Machine Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837; Peplax Medicine Co. v. Tampa Drug Co., 88 Fla. 473, 102 Sou. Rep. 632. Therefore defendant at the trial in the court below was not debarred by the parol-evidence rule from attempting to show by competent and relevant evidence

that the element of "delivery" and "acceptance" of the lumber was never present in the transaction growing out of the writing, and that therefore no liability ever arose out of the written instrument relied upon.

Admissions in subsequent written communications confessing delivery, or tending to show that defendant acknowledged delivery at a time subsequent to the first writing, may be strong evidence amply sufficient to convince the jury that the defendant should, on the basis of his admissions against interest, be held liable for the sum of money for which he is being sued, but like all admissions against interest offered in evidence to support a cause of action or defense, the weight to be accorded them is for the jury, and the trial court has no right to take the decision of that issue of fact away from the jury, by granting a motion for a directed verdict, predicated upon the supposed conclusive effect of mere written admissions against interest.

It follows from what has been said that the trial judge erred in directing a verdict for the plaintiff, and that a new trial should be ordered and the cause remanded to the Circuit Court of Broward County for further proceedings according to law, not inconsistent with this opinion.

Reversed for a new trial.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.—The Court did not overlook the testimony of the witness, Sam Gillian, to the effect that the lumber, whose value was sued for under the written memorandum, had been actually placed in defendant's lumber yard. But this testimony must necessarily be considered in the light of the defendant's contention that such placing of the lumber was not a "delivery" of it in the sense that defendant

*accepted* it as a.performance of the alleged sales agreement. On the contrary defendant contended in the case throughout that the lumber was not "delivered" in execution of a contract to purchase it outright, but was placed on the yard to be held subject to sale, the written memorandum concerning it being afterward executed as a mere memorandum of a part only of the transaction concerning it. Defendant was at liberty to show that no delivery in the sense of an *execution* or *performance* of the alleged sales contract had ever been made or accepted by· the defendant under the written memorandum, but that the placing of the lumber. on the yards was previously done pursuant to an entirely different kind of prior transaction and agreement, involving a wholly different kind of delivery for a different purpose than what plaintiff claimed. It was for the jury, not the trial judge, to decide this issue. See Ocala Cooperage Co. v. Florida Cooperage Co. 59 Fla. 394, 52 So. Rep. 13.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.